### PORTER v. J. H. HYDRICK REALTY CO. *ET AL.*

#### (131 S. E., 768)

1. MORTGAGES—ORDER OF RESALE REQUIRING PART PAYMENT IN CASH, BEFORE BID WAS CLOSED, AFTER PURCHASER HAD FAILED TO GO THROUGH WITH FIRST SALE, WAS PROPERLY GRANTED.—Where, after consent order of foreclosure and sale, purchaser failed to comply with bid, an order of resale requiring part payment in cash before closing the bidding was properly granted.

2. JUDGMENT—COURT MAY SEE THAT CONSENT DECREE IS CARRIED OUT. —While consent decree may be regarded in nature of contract between parties, it does not leave the Court helpless in seeing that such decree is carried out.

Before JAS. P. CAREY, JR., Special Judge, Lexington, September, 1924. Affirmed.

Action by Ada J. Hutto Porter, guardian of J. J. Hutto, a minor, against the J. H. Hydrick Realty Company and

another. From an order in favor of plaintiff, defendant named appeals.

The appellant's exceptions are as follows:

(1) That his Honor erred in issuing the order under date September 16, 1924, confirming the report of Special Referee, H. L. Harmon, over the objection of the defendant-appellant; the error being that the report of the Special Referee does not report any conclusions of law or finding of fact, or any other matter pursuant or responsive to any order of the Court, and is therefore a nullity.

(2) That his Honor erred in issuing the order under date September 16, 1924, confirming the report of the Special Referee H. L. Harmon, over the objection of the defendant-appellant. The error being that under the original judgment order of foreclosure and sale, consented to by all the parties in interest (without the taking of any testimony) and signed by his Honor, C. M. Efird, special presiding Judge, under date December 13th, at Saluda, S. C., the said consent order being plain and definite in all its terms is *res judicata;* and his Honor, Judge Carey, was without jurisdiction to modify said order in any particular without the consent of the parties to the suit.

(3) That his Honor erred in issuing the order under date September 16, 1924, confirming the report of the Special Referee, H. L. Harmon, over the objection of the defendant-appellant. The error being that the consent judgment order of foreclosure and sale of his Honor, C. M. Efird, special presiding Judge, under date December 13, 1923, not only adjudicated the rights of the parties, but also provided for and apparently contemplated the very contingency, to wit, noncompliance, upon which the Special Referee makes his recommendation; and to modify or change the original consent order in this particular without consent would be prejudicial to the defendant, and was beyond the jurisdictional power of his Honor, Judge Carey.

(4) That his Honor erred in issuing the order under date

September 16, 1924, confirming the report of the Special Referee, H. L. Harmon, over the objection of the defendant-appellant. The error being that there was no testimony of record in the case before his Honor; and that there was no changed condition of the parties to the original consent order since that order was issued by Judge Efird, and his Honor, Judge Carey, was without jurisdiction to change, modify, or reverse in any particular the original judgment order of Judge Efird adjudicating the rights of the parties (by consent) and fully providing for every contingency.

(5) That his Honor erred in the issuance of said order dated September 16, 1924, requiring a cash deposit of $1,000 of the successful bidder at the sale; such requirement being at variance and in modification of the original order of Judge Efird, which was a consent order, and in which no such requirement or cash deposit was agreed to by the consenting parties. The error being in depriving the defendant of its legal and customary rights of permitting any prospective purchasers of its property, a reasonable time in which to investigate the title (in the event of purchase) to the property before being required to deposit an unreasonable and substantial sum of money, and such requirement being prejudicial to the interest of the defendant in this particular case.

(6) That his Honor erred in issuing the said order, dated September 16th, over the objection of the defendant; and holding in said order: "That it will not in any way modify, reverse, annul, change, or in any manner whatsoever affect the said former decree of Special Presiding Judge Efird; that it is not in conflict with the letter or spirit of, but, on the contrary, is in aid and support of the said decree." This language showing within itself that it adds to the original consent order of the parties, issued by Judge Efird. The error being that it practically destroys the legal rights of litigants to expedite the business of the Court by agreement and consent, upon which they may rely,

without having such agreement changed, modified, or matters or requirements added by the Court, without the consent of the parties to such modification or addition, and to which the parties would have never agreed in the first instance by way of settlement and adjudication. It being earnestly contended in this connection that the original consent order of Judge Efird fully adjudicates every matter and is sufficient, and that it does not call for any further order of the Court, for its enforcement; that there is no changed condition of the parties since Judge Efird's decree; and further that there was no emergency matter upon which his Honor, Judge Carey, had the power or jurisdiction to pass upon.

*Mr. J. H. Hydrick,* for appellant, cites: *Officer selling property bound to follow order of sale:* 99 S. C., 115. *Res judicata:* 17 S. C., 35. *Jurisdiction once acquired is exclusive:* 97 S. C., 457; 1 Hill Eq., 22. *Decree entered in partition suit final:* 118 S. C., 189. *Purchaser at judicial sale allowed reasonable time to examine title:* 97 S. C., 246; 87 S. C., 357; 58 S. C., 477; 36 S. E., 912; 13 S. C., 212.. *Consent order binding on parties:* 62 S. C., 466; 51 S. C., 24; 32 S. C., 598; Rule 14 of Circuit Courts, 1922; Rule 17 of the Supreme Court, 1922.

*Messrs. Onan A. Hydrick* and *D. S. Murph,* for respondent, cite: *Amendments to original order of sale:* 62 S. C., 446; 40 S. E., 873; 32 S. C., 598; 10 S. E., 1067. *Action may be brought upon decree in chancery:* 108 S. C., 203; 93 S. E., 769. *Judgments by consent have same force as other judgments:* 15 R. C. L., 645.

March 5, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought by the plaintiff in the Court of Common Pleas for Lexington County, for the foreclosure of a mortgage of real estate, executed in her favor by the

appellant, J. H. Hydrick Realty Company, to secure the payment of a bond in the sum of $4,500. The defendant Mary L. Hydrick (who did not appeal), a judgment creditor of the appellant, was made a party to the action.

An order of foreclosure and sale, consented to in writing by all the parties, was made by his Honor, C. M. Efird, special presiding Judge, at Saluda, December 13, 1923. The order, *inter alia,* provided that the plaintiff have judgment against the defendant, J. H. Hydrick Realty Company, for the sum of $5,580.75; that the Special Referee sell the mortgaged premises at public auction on the first Monday in January, 1924, for cash; and "that the said H. L. Harmon, Special Referee, advertise and give notice of the time and place of such sale as required by law; that the said premises be sold in the town of Lexington, county of Lexington, State of South Carolina, at the usual time and place as is customary for such sales; that he do execute to the purchaser or purchasers a deed of the premises so sold, and that the purchaser be let into possession of said premises on the production of said deed and a certified copy of the order confirming the report of the sale; that the plaintiff or any other party to this action may become a purchaser at such sale, and should the purchaser fail to comply with the terms thereof, the said H. L. Harmon, Special Referee, may, without further order of this Court, sell the said premises upon some subsequent sales day, exclusive of sales days in February, March, April, May, June, July, August, and September, and at the risk of the former purchaser."

Pursuant to the directions contained in the order of sale, the Special Referee on sales day in January, 1924, offered the mortgaged premises for sale at Lexington courthouse, and the property was struck off to J. H. Hydrick, attorney for the defendants, for the sum of $5,050. This bid was not complied with; and on June 18, 1924, the Special Referee made a report to the Court, as follows:

"In accordance with the judgment and decree of this

Court dated the 13th day of December, 1923, I offered for sale by public auction, after due advertisement, on Monday, the 7th day of January, 1924, during the legal hours of sale, at the courthouse in Lexington, S. C., the mortgaged premises described in the said decree.  Upon the premises being offered for sale, they were struck off to J. H. Hydrick, attorney, for the sum of $5,050; he being at that price the highest bidder therefor.  The said purchaser, or successful bidder, has failed to comply with the bid, and I now report the matter to the Court for further instructions.  While, under the original order of sale, I might be authorized to resell the said premises on some sales day after September, 1924, without further order of the Court, still I am submitting the entire matter to the Court, with the recommendation that an order be passed authorizing and directing me to require at the resale a deposit, either by cash or certified check, of $1,000 of the bid by the successful bidder before closing the bidding; it appearing to me that the said amount would be a reasonable deposit considering the value of the said premises as evidenced by the amount of the mortgage under foreclosure and the amount of the bid as set forth above."

On September 16, 1924, eight months after the premises were offered for sale, the matter of the confirmation of this report came up before his Honor, James P. Carey, Jr., special presiding Judge.  Counsel for the defendants filed his written objections and exceptions to its confirmation.  Judge Carey, after hearing arguments for and against confirmation, passed the following order:

"It appearing from the report of H. L. Harmon, Clerk of Court as Special Referee in the above-entitled cause, filed 18th day of June, 1924, that, in accordance with the decree of Hon. C. M. Efird, special presiding Judge, dated the 13th day of December, 1923, the said Special Referee duly offered the premises described in the said decree for sale at public auction at Lexington courthouse, on the first

Monday in January, 1924, it being the seventh day of said month, and that the said premises were then and there struck off to J. H. Hydrick, attorney, for the sum of $5,050, he being, at that price, the highest bidder therefor, and that the said bidder has failed to comply with his said bid:

"Now, therefore, upon motion of Onan A. Hydrick and D. S. Murph, attorneys for the plaintiff, after due notice to the defendants and to the said bidder, and after hearing arguments by the plaintiff's attorneys in favor of the motion and by J. D. Carroll, Esq., appearing for the defendants and the bidder against the motion: It is ordered: That the said H. L. Harmon, Clerk of Court as Special Referee, do proceed to resell the premises mentioned and described in the said decree of Hon. C. M. Efird, special presiding Judge, dated the 13th day of December, 1923, on the sales day in October, 1924, or on some subsequent sales day, upon the terms prescribed in the said decree, save and except that the Special Referee be authorized to require a deposit with him, by the successful bidder, of $1,000 of the purchase money, or a certified check therefor, before closing the bidding. This decree is made upon the authority of *Tyer et al. v. Charleston Rice Milling Co. et al.,* 10 S. E., 1067; 32 S. C., 598, and *Barnwell v. Marion,* 40 S. E., 873; 62 S. C., 446, that it is demanded by the exigency here developed; that it will not in any way modify, reverse, annul, change, or in any manner whatsoever affect the said former decree of special presiding Judge Efird; and that it is not in conflict with the letter or spirit of, but, on the contrary, is in aid and support of, the said decree."

The appellant objects to the order of Judge Carey and comes to this Court on appeal by six exceptions, which will be reported. The following grounds of appeal are stated by the exceptions: (1) That Judge Carey changed the terms of the sale by requiring a deposit of $1,000 of the purchase price before closing the bidding; (2) that the report of the Special Referee does not state any conclusion of law or

finding of fact; (3) that there was no testimony before
Judge Carey to show a changed condition of the parties;
(4) that the order of Judge Efird provided a remedy in
case the bidder failed to comply; (5) that there was no
emergency that would justify Judge Carey in passing the
order; and (6) that the decree made by Judge Efird was by
consent, and that Judge Carey was without jurisdiction to
make his order without the consent of all parties to the suit.

The questions raised by the exceptions of the appellant were passed upon by this Court and resolved
in favor of the respondent in the cases cited by
Judge Carey in his order. *Tyer et al. v. Charleston Rice
Milling Co. et al.,* 10 S. E., 1067; 32 S. C., 598, and *Barnwell v. Marion,* 40 S. E., 873; 62 S. C., 446. In each of
these cases the original decree provided for the sale of mortgaged premises, payment of one-third cash, and for the resale of the property in case the bidder failed to comply. In
each case the premises were bid in by a defendant who
failed to comply, and an order was made by the Court directing the resale of the property and the deposit of a certain part of the purchase money in cash. In the present
case, the order of Judge Efird provided that the terms of
the sale should be for cash. The order of Judge Carey did
not change this provision, but, in the exigency that had
arisen, provided that $1,000 of the purchase price should
be paid in by the successful bidder before closing the bidding, as an aid in carrying into effect the order of Judge
Efird. The report of the Special Referee showed that he
had done his duty by offering the premises for sale, and that
the successful bidder had failed to comply. Judge Carey
had before him this report as well as the written objections
and exceptions of the appellant as to its confirmation, and it
appears that the matter was fully argued by counsel for
both sides. As to the matter of a consent decree, particularly stressed by the appellant, it may be said that while a
consent decree may be regarded in the nature of a contract

between the parties consenting, it does not leave the Court helpless in seeing that such consent decree is carried out.

In 15 R. C. L., at page 645, it is said:

"The fact that a judgment has been rendered by consent does not give it any greater validity than if it had been rendered after sharp and protracted litigation."

The exceptions of the appellant are without merit and are overruled.

The judgment of this Court is that the order appealed from be affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, COTHRAN, and BLEASE concur.