8746

HENDERSON v. ABBEVILLE-GREENWOOD MUTUAL INSUR-
ANCE CO.

INSURANCE—MORTGAGE CLAUSE.—A policy containing a provision, "If
this policy be assigned without the consent of the association endorsed
thereon * * * this policy shall be void," is not avoided by the insured
executing a mortgage on the insured property and writing on the
policy, "In case of loss by fire proceeds of policy to be paid to H.
as his interest may appear," and delivering it to mortgagee, and the
mortgagee may recover of the insurer.

Before PRINCE, J., Abbeville, July, 1913.   Affirmed.

Action by W. E. Henderson against Abbeville-Greenwood
Mutual Insurance Association.   Defendant appeals.

*Mr. J. Fraser Lyon,* for appellant, cites: *This association
can only insure property of its members:* 52 S. C. 110; 61
S. C. 321.   *As to construction of contract:* 9 Cyc. 579, 583.
*The policy is avoided by the assignment:* 2 May on Ins.,
sec. 380; 23 S. E. 585.

*Messrs. Tillman & Mays,* contra, cite: *Provision pro-
hibiting assignment must be strictly construed:* 53 Am. R.
203.   *Assignment of proceeds against assignment of policy:*
19 Cyc. 636; 52 Am. R. 247; 56 Am. Dec. 750.   *Simple
assignment against assignment as collateral:* Kerr on Ins.
686-7, 689; Ostrander 505; 22 Mass., 76; 100 N. Y. 417;
7 N. Y. Supp. 143; 40 Tex. Civ. App. 184; 8 L. R. A. (N.
S.) 907.   *Doubtful meaning should be construed against
insurer:* 46 L. Ed. 73.

March 16, 1914.   The opinion of the Court was deliv-
ered by

MR. JUSTICE GAGE.   The appeal involves a single ques-
tion, and that is the effect, under the admitted facts, of this

clause in the fire policy of insurance, to wit: "If this policy be assigned, without the consent of the association endorsed hereon * * * this policy shall be void."

The things done which it is claimed avoided the policy, were these: The insured was one Lettman; the property insured was a small house and contents; the amount of insurance was two hundred ($200.00) dollars; Lettman mortgaged the house to Henderson to secure the payment of a loan, and on the same day took out the policy of insurance, and at the same time wrote on the policy "In case of loss by fire proceeds of policy to be paid to W. E. Henderson as his interest may appear."

Nearly two years thereafter the house was destroyed by fire; Henderson claimed payment under the policy; the company declined payment.

By the plain principles of justice and good sense, if a company shall receive from an insured a payment of money in the form of a premium, then, it ought not to deny the protection it promised, except that be the plain agreement of the parties.

But if the agreement be not plain, but shall be fairly susceptible of two different constructions, that construction will be adopted which is favorable to the insured. *Thompson v. Phoenix Ins. Co.,* 136 U. S. 297.

In the case at bar what if the insured had agreed by parole or by writing apart from the policy, that in the event of loss by fire and the payment to him by the company of the face of the policy, he would turn the money over to Henderson?

It will not be denied that Lettman might have done that and not incurred a forfeiture of the policy.

But that in effect is what he did, except that the agreement to that effect was written upon the policy; and the paper upon which an agreement is written can not give character to the agreement.

Or to put the case in a sentence, the act prohibited by the contract must clearly embrace the act done; and in the case at bar it does not.

The judgment below is right and it is affirmed.