13403

BECKETT v. JEFFERSON STANDARD LIFE INS. CO.

(164 S. E., 130)

*Mr. Randolph Murdaugh,* for appellant,

*Mr. George Warren,* for respondent,

May 9, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

On December 1, 1910, the defendant company insured the life of one John Beckett, a citizen of Hampton County, in the sum of $1,000.00, and agreed to pay that amount to Betsey Beckett, the beneficiary, "immediately on approval of the proofs of the death of the said insured during the term ending on the first day of December, nineteen hundred and eleven." In the same immediate connection the company further agreed that, "if this contract shall be extended and continued in force in accordance with its provisions, the amount similarly payable at the death of the insured after said date shall be as shown in the table on the second page hereof, in the column marked 'Total amount payable at death.' "

We quote here also other pertinent provisions of the policy:

"The Company hereby agrees to accumulate out of the premiums paid for this Contract during the renewal years, a Standard Guaranty Fund which, at the end of the premium paying term, will amount to the legal reserve required so that on the expiration of said term, this Contract will become paid up for life thereafter for its full face amount. Should the death of the Insured occur during the premium-paying period, the face of this Contract will be paid, and in addition thereto the Standard Guaranty Fund will be returned in full to the Beneficiary, so that the 'Total Amount Payable at Death' in any year during the continuance of this agreement will be as set forth in the Table below."

"No premium under this Contract will be due on or after the 1st day of December, 1930, when this Contract becomes fully paid up for its face amount of $1,000.00."

Beckett, the insured, died on January 19, 1931, a few weeks after the end of the twenty-year period. Proofs of his death were duly filed with the company by the beneficiary who claimed that she was entitled to $1,688.00, less the amount of any loan made on the policy; the company refused to pay this amount, taking the position that the beneficiary was entitled to only $1,000.00, less any loan made.

This action was then brought by the plaintiff for the collection of her claim. Judge Stoll, who heard the case, without a jury, held that the policy was ambiguous, and that therefore the plaintiff was entitled to judgment for the full amount sued for.

The only question presented by the appeal is, Did the trial Judge commit error in his construction of the policy?

In 32 C. J., at page 1152, the writer says: "It is a cardinal principle of insurance law that a policy or contract of insurance is to be construed liberally in favor of insured and strictly as against the company. Stated more fully, the rule is that, where, by reason of ambiguity in the language employed in a policy or contract of insurance, there is doubt or uncertainty as to its meaning and it is fairly susceptible of two interpretations, one favorable to insured and the other favorable to the company, the former will be adopted."

In *Henderson v. Insurance Company*, 96 S. C., 430, 81 S. E., 171, this Court held:

"By the plain principles of justice and good sense, if a company shall receive from an insured a payment of money in the form of a premium, then, it ought not to deny the protection it promised, except that be the plain agreement of the parties.

"But if the agreement be not plain, but shall be fairly susceptible of two different constructions, that construction will be adopted which is favorable to the insured."

In *Rawl v. Insurance Company*, 94 S. C., 299, 77 S. E., 1013, 1014, 45 L. R. A. (N. S.), 463, Ann. Cas., 1915-A,

1231, the following was said: "If the meaning is doubtful, or the language is calculated to mislead, the Courts will adopt the meaning most favorable to the maintaining of the liability."

In *Bolt v. Life Insurance Company,* 156 S. C., 117, 152 S. E., 766, 767, Mr. Justice Blease now Chief Justice), in his concurring opinion, made these pertinent observations: "An examination of many of our decisions, too numerous to even refer to here, will disclose that our Court has made it the almost universal rule to construe any clause of an insurance policy against the insurer, when there existed the least doubt as to the meaning of the language employed."

With these principles of construction in mind, we turn to an examination of the insurance contract before us. The first annual premium was paid on December 1, 1910, at the time the policy was issued, and was sufficient to carry the insurance for a period or term of one year. If the insured had died during that time, the beneficiary would have been entitled to receive the face amount of the policy, $1,000.00. The contract on its first page provided, as above indicated, that, should the policy be kept in force, the amount payable at the death of the insured, after December 1, 1911, would be as shown in the table on the second page. Turning to the table referred to, we find given in the column designated the total amount payable at the end of the second to the twentieth year, inclusive; the amount payable at the end of the twentieth year being $1,-688.00. We think that these provisions of the policy may reasonably be construed to mean that this amount, $1,688-.00, payable at the end of the twentieth year, was the fixed sum to which the beneficiary was entitled then or thereafter at the death of the insured.

The appellant calls attention to the standard guaranty fund clause of the policy above quoted, and contends that it is clear from the wording of this provision that, in order for the beneficiary to receive the standard guaranty fund, the

insured must die within the premium paying period, that is, within the twenty-year period; and cites authority to the effect that one clause in a contract should not be selected and construed to the exclusion of other clauses bearing on and affecting the same subject-matter, and at variance with it. The wording of this clause appears to support the appellant's contention. As we have indicated, however, the ambiguity arises by reason of the fact that some of the provisions of the policy bear the interpretation contended for by the respondent, while the clauses relied upon by the appellant may reasonably be given a different construction. Therefore the trial Judge properly adopted the meaning of the policy most favorable to the insured.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.