15441

ONE HUNDRED SECOND CAVALRY OFFICERS' CLUB *ET AL.*
v. HEISE, SHERIFF

(21 S. E. (2d), 400)

*Mr. C. T. Graydon* and *Mr. J. Bratton Davis,* both of Columbia, for Appellant,

*Attorney General John M. Daniel, Assistant Attorneys General T. C. Callison* and *M. J. Hough,* and *Mr. Claude K. Wingate,* of Columbia, as Counsel for Respondent,

July 9, 1942.

The Opinion of the Court was delivered by CIRCUIT JUDGE A. L. GASTON, ACTING ASSOCIATE JUSTICE:

A quantity of alcoholic liquor was seized by the sheriff as contraband under the law.

In addition to the facts shown in the statement, which will be reported, it appears by the record that the Cavalry Club is composed of about seventy members; that the liquor consists of more than sixty cases of whiskey valued at $1,426.62, exclusive of the State stamp tax, in the sum of $281.28, which was not paid. By virtue of the regulations of the South Carolina Tax Commission, the appellant was empowered and authorized to buy from wholesale liquor dealers thé whiskey for delivery to Fort Jackson, free of the stamp tax to the State, which was actually done in this instance, and it was stored at Fort Jackson for the use of the club members.

The demurrer to the complaint was heard and sustained by his Honor, Judge G. Duncan Bellinger, who by his order, dated March 16, 1942, held that the complaint should be

dismissed and ordered that the sheriff proceed with the advertisement and public sale of the alcoholic liquors in question. The regulation of the South Carolina Tax Commission referred to was one permitting the wholesaler to make sales of such liquor to the officer's clubs at Fort Jackson, without payment of the State liquor tax but the regulation required that the liquors be delivered by the wholesaler to the club only at Fort Jackson reservation. It was agreed that the physical stamps required by the Act were on the liquors in question, but that the same had been cancelled, and the amount of the taxes returned to the wholesaler who had paid for the tax stamps.

This suit is one for claim and delivery of personal property, in which the plaintiff made the required affidavit and demanded judgment for the possession of the whiskey, or its value.

It was stated in argument, and we may take judicial cognizance of the facts that Fort Jackson is one of the largest government reservations in the United States for the concentration and training of the armed forces of the nation during the present world-wide war in which the civilized armies are engaged for the freedom of mankind. Also that the officers of this club, sometimes known as the Essex troop, are gentlemen of honor and are law-abiding soldiers.

The crux of the appeal seems to be whether the State, through the Tax Commission, is estopped from asserting that the defendant Finley held unlawful possession of the liquor.

The authority of the Tax Commission does not extend to the right to modify the law of the State in order to suspend the law and permit whiskey to be kept in possession without affixing the stamps on the container, as required by the Act of 1935, Section 6; and all unstamped liquor is contraband under Section 17 of the Act, approved May 14, 1935, 39 St. at Large, page 325, and

Act 1937, 40 St. at Large, p. 210. All such contraband alcoholic liquor found in the possession of any one within the State not having affixed to the bottle or container the stamps required are declared to be contraband and subject to seizure and sale according to law. Section 1829 (17) of 1938 supplement to the Code of Laws of South Carolina 1932. By the Act of May 20, 1939, page 303 *et seq.,* of the Acts of 1939, the terms of the liquor law. are further amended by providing that the Tax Commission may refund the cost of the stamps where the goods are damaged and unfit for sale, or are returned to the manufacturer or jobber.

No power or authority is conferred upon the Tax Commission to legislate in regard to the tax on liquor, nor to adopt any regulation inconsistent with the provisions of this Act or any law of this State, nor to modify the law in any way. The penal provisions of this law have been upheld and enforced over and over again by this Court and no sufficient reason is shown to exist whereby the administrative provisions of the law in regard to the payment of the tax, and in regard to affixing the stamps upon the bottles or containers should not be enforced, or should be relaxed or modified. While this may be a case of apparent hardship there is a familiar saying that hard cases make bad law, sometimes, and it would now do violence to the law itself to seek a way out, when the plain mandate of the liquor law has not been complied with. A case of equal severity is found in *State v. Manos,* 179 S. C., 45, 183 S. E., 582, where the issues were raised that the State is estopped to prosecute the defendant because it failed to furnish the stamps on application therefor and that the defendant did not intend to violate the law. This Court held in that case that when the defendant violated the provisions of the statute by having in his possession contraband liquor, the offense was complete, regardless of motive or intent.

Now what are the facts upon which the plaintiff claims immunity from the provisions of the law.

The only rule or regulation of the Tax Commission relied upon is the one permitting the liquor to be delivered and stored at Fort Jackson free of the tax and without any stamps, which were cancelled. The plaintiff says that relying upon this one condition the liquor was removed from Fort Jackson to his home on the Monticello Road, several miles from the Fort, for safe-keeping, because the Cavalry Club members were called out on maneuvers. Also that the reason for buying the liquor in a large quantity was to save money before an expected increase in the Federal tax on October 1, and the price in such large quantities was less. Now what has the Tax Commission done contrary to its first permission? Or what has the State induced the plaintiff to do? It seems that the plaintiff not only saved money, but paid no State tax, for the privilege of having the liquor delivered at Fort Jackson. All of the subsequent concatenation of events arose not because of any permission or rule or regulation of the Tax Commission, but actually contrary thereto, and entirely because of matters for which the State is not responsible. The plaintiff seems to be the author of his own misfortune and the victim of circumstances beyond which the State had no control and did not undertake to act or permit in regard thereto.

The situation does not give rise to an estoppel under the law generally, and the doctrine of estoppel has no application to a sovereign state. *Baker v. State Highway Dept.*, 166 S. C., 481, 165 S. E., 197.

The Circuit Court held that the Tax Commission was not empowered by law to cancel stamps, or refund taxes on liquor, except, as stated, where the goods have been damaged and unfit for sale, or where the goods are to be returned to the manufacturer or jobber.

The provisions of the law relied upon by the appellant empowering the Tax Commission to make rules and regulations do not confer the power to grant the

permission in question, but on the contrary the Act stipulates that such rules and regulations shall not be inconsistent with the provisions of this Act or any law of this State or of the United States.

The appellant says that the General Assembly of South Carolina has enacted many laws pertaining to the sale, possession and taxation of alcoholic beverages, and in regard to these matters it has given the authority, responsibility and power of enforcing said internal revenue laws appertaining thereto, to the South Carolina Tax Commission and has expressly given to the Tax Commission the authority "to adopt and promulgate, repeal and amend such rules, regulations, standards, requirements and orders not inconsistent with the provisions of this Act or any law of this State or of the United States as it may deem necessary or proper for the control of fair trade practices, the stablization of prices, credit sales, and all other matters related to the conduct of the business of selling, storing, transporting and possessing alcoholic liquors, and said Commission shall have power to enforce such rules, regulations, standards, requirements and orders * * *." § 12, Statutes at Large, 1939, page 306. This Act also states at Section 7: "The Tax Commission is hereby authorized and directed to have prepared and distributed stamps suitable for denoting the tax on alcoholic liquors enumerated herein and said stamps, and other stamps required under this Act, shall be sold only to such persons as hold a valid wholesale license under the provisions of this Act. The Tax Commission may promulgate rules and regulations for the enforcement of the provisions of this Section."

We agree with the Circuit Court that the Tax Commission did not have the legal authority to cancel the revenue stamps and waive the payment of the taxes upon the liquor. Even if this was a mistaken interpretation of the law it must be observed that under the regulation in question these liquors were to be delivered only at Fort Jackson. Regardless of any

question of Federal jurisdiction over the Fort, or of comity of authority, or any other consideration, it cannot be successfully contended that the Tax Commission could or attempted to alter the law as to contraband liquor elsewhere and no permission was sought for the removal of the liquor elsewhere. Even if the plaintiff thought that the Fort was "off limits" as to the State law, he was not induced to think that he could remove the liquor and store it elsewhere.

Of course, the Legislature cannot delegate its power to make laws, although it may vest in administrative officers and bodies a large measure of discretionary authority, especially to make rules and regulations relating to the enforcement of the law. Such rules are valid for the enforcement of the law not for a non-enforcement or suspension of the laws. *Argent Lumber Co. v. Query, Tax Comm.,* 178 S. C., 1, 182 S. E., 93; *Stovall v. Sawyer, etc.,* 181 S. C., 379, 187 S. E., 821; *Fisher v. J. H. Sheridan Co., Inc.,* 182 S. C., 316, 189 S. E., 356, 108 A. L. R., 981; *State v. Ross,* 185 S. C., 472, at page 477, 478, 194 S. E., 439; *Gasque, Inc., v. Nates,* 191 S. C., 271, at page 292, 2 S. E. (2d), 36.

The facts in this case do not show any legal authority or permit to the plaintiff to store unstamped alcoholic liquors at the place in question, and any such supposed permit, being in direct violation of the law, would have been absolutely void. A void permit would be no protection to one charged with a violation of the law. *State v. Mancke,* 18 S. C., 81; *State v. Duckett,* 133 S. C., 85, 130 S. E., 340; *State v. Manos,* 179 S. C., 45, 183 S. E., 582.

The state of facts alleged in the complaint do not afford any grounds for an estoppel and this Court has refused to recognize the merits of similar contentions in several cases. *Carolina National Bank v. State,* 60 S. C., 465, 38 S. E., 629, 85 Am. St. Rep., 865; *Baker v. State Highway Dept.,* 166 S. C., 481, 165 S. E., 197; *State v. Manos,* 179 S. C.,

45, 183 S. E., 582; *Farrow v. City Council,* 169 S. C., 373, 168 S. E., 825, 87 A. L. R., 981.

No decisions to the contrary have been cited by counsel, and even if other cases could be found on the subject, no doubt they would not be parallel for the reason that any former liquor laws are now implemented by the amendment to the Federal Constitution.

The matter of controlling alcoholic liquors is now completely vested in each State. The Twenty-first Amendment to the Constitution of the United States repealed the old Eighteenth Amendment, and provided in Section 2 thereof the following: "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

Therefore the exceptions cannot be sustained but must be and are overruled. The appeal is dismissed and the judgment below is affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGE L. D. LIDE, ACTING ASSOCIATE JUSTICE, concur.