17920

Roger M. HEYWARD as Executor for the Estate of Nathalie H. Miller, Appellant, v. SOUTH CAROLINA TAX COMMISSION, Respondent

(126 S. E. (2d) 15)

348

*Messrs. N. Heyward Clarkson, Jr.,* and *Harry M. Light-sey, Jr.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *James M. Windham, Assistant Attorney General,* of Columbia, *for Respondent,*

June 5, 1962.

Moss, Justice.

Roger M. Heyward, As Executor of the Estate of Nathalie H. Miller, the appellant herein, brought this action against the South Carolina Tax Commission, the respondent herein, under Sections 65-2661 *et seq.*, as amended, Code of 1952, to recover income taxes with interest thereon, which the appellant paid under protest. The case was heard in the Court below upon the pleadings and an agreed stipulation of the facts. This appeal is prosecuted from an order awarding judgment in favor of the respondent. ·

Mrs. Nathalie H. Miller owned certain stock which had a cost to her for tax purposes of $1,000.00, and she sold such stock in the year 1956 for the sum of $40,000.00, resulting in a gain or profit to her of $39,000.00. The stock was sold on an installment basis, payable $10,000.00 in cash on the date of the sale, and the remaining $30,000.00 was payable in four annual installments of $7,500.00 each. The deferred installments were evidenced by a note of the purchaser. Mrs. Miller collected the down payment of $10,000.00 in 1956 and paid the income taxes thereon, electing to return the gain from the sale on an installment basis. This method of treating the gain or profit was accepted and approved by the respondent in accordance with its custom and rulings. In 1957 Mrs. Miller collected the first annual installment payment of $7,500.00 and, thereafter, died testate on September 18, 1957, and by the terms of her will she appointed Roger M. Heyward as executor thereof. He filed a 1957 income tax return and included the profit portion of the $7,500.00 installment collected in that year as taxable income. The appellant collected the annual installments for the years 1958 and 1959 when due and filed like returns for those years. On May 9, 1960, the respondent assessed

additional income taxes, including interest, against the estate of Mrs. Miller of $1,210.66, on the ground that the profit portion of all installments due after her death should be included as income for the year 1957 because of the death of Mrs. Miller in that year. The amount of additional assessed income taxes and interest was paid by the appellant under protest and this action instituted to recover the same.

Section 65-221 of the Code imposes an income tax upon every individual which shall be levied, collected and paid annually with respect to the entire net income of the taxpayer, and this includes income earned from the sale of property within this State. Section 65-251 of the Code provides:

"The words 'gross income' mean the income of a taxpayer derived from * * * sales or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property, * * * and income derived from any source whatsoever. The amount of all such items shall be included in the gross income of the income year in which received by the taxpayer unless, under the methods of accounting permitted under this chapter, any such amounts are to be properly accounted for as of a different period."

Section 65-202(11) of the Code provides:

"The word 'received' for the purpose of the computation of net income under this chapter means 'received or accrued' and the words 'received and accrued' shall be construed according to the method of accounting upon the basis of which the net income is computed under this chapter."

Section 65-281 of the Code has to do with the method of accounting and provides as follows:

"The net income of a taxpayer shall be computed in accordance with the method of accounting regularly employed in keeping the books of such taxpayer. But if such method does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commission does clearly reflect the income."

The appellant asserts that the respondent is estopped from requiring the inclusion of all profit in the unmatured installments as income in the year of such taxpayer's death because of acquiescence in and approval of the taxpayer's election of the installment method of reporting profit on the sale of the stock in question. We do not think that this record shows any sound basis for an estoppel. This Court has refused to recognize the merits of a similar contention in several cases. We have held that the State may be subject to the doctrine of estoppel in its contractual relations. *Byars v. Cherokee County,* 237 S. C. 548, 118 S. E. (2d) 324. However, the doctrine of estoppel will not be applied to deprive the government of the due exercise of its police power, or to effect public revenues or property rights, or to frustrate the purpose of its laws or thwart its public policy. *Powell v. Board of Commissioners of Police Insurance & Annuity Fund,* 210 S. C. 136, 41 S. E. (2d) 780, 1 A. L. R. (2d) 330.

The doctrine of estoppel was denied application against the public in the case of *Farrow v. City Council of Charleston,* 169 S. C. 373, 168 S. E. 852, 87 A. L. R. 981. It was attempted to be predicated upon the erroneous statement of the City Treasurer that there was no paving assessment against a certain piece of property. It, therefore, affected the collection of public revenues as to which it is generally held that there can be no estoppel. It was further held that estoppel cannot grow out of dealings with public officers of limited authority. See also in this connection *Baker v. State Highway Department,* 166 S. C. 481, 165 S. E. 197, 31 C. J. S., Estoppel, § 147, at page 434.

Applicable to the situation disclosed by this record is the statement contained in the case of *Carolina National Bank v. State of South Carolina,* 60 S. C. 465, 38 S. E. 629:

"* * * All men are bound to take notice of the special authority of the state's officers, and when dealing with them outside their authority they assume the peril with their eyes

open, and cannot be heard to say that they placed reliance upon the state. The question is not one of intention, but of power; and, if the officer has not power to act, his action is not state action, and so affords no basis upon which to predicate estoppel against the state. And if it were, in any sense, a question of intention, the state's intention can only be evidenced in a constitutional way. * * *"

The instant case involves the collection of taxes and the doctrine of estoppel cannot be applied against the respondent.

It is further the position of the appellant that because the respondent permitted the decedent to file her 1956 income tax return showing the sale of the stock in question and using the installment method to report her profit thereon for income tax purposes resulted in a contract by the respondent with the decedent. We do not think this position is sound. We think a proper rule is that stated in the case of *Lawler et al. v. Commissioner of Internal Revenue,* 9 Cir., 78 F. (2d) 567, and we quote from the cited case the following:

"* * * Certainly it cannot be said that the fact that a party has taken advantage of an election to pay a tax in installments instead of at one time, is such a contract between the government and the taxpayer as prevents taxation upon income to accrue in any other or different manner than that provided by law at the time the taxpayer elected to pay in installments * * *"

The appellant further contends that the assessment made by the respondent against the estate of Mrs. Nathalie H. Miller was a denial of due process and the equal protection of the laws as is guaranteed by Article I, Section 5, of the 1895 Constitution of this State, and the Fourteenth Amendment to the Constitution of the United States. In view of the conclusion we hereinafter reach, it is unnecessary for us to pass upon this question. This Court has held that constitutional questions will not be determined unless their determination is essential to a disposition of the

case. *Southern Rwy. Co. v. S. C. State Highway Department,* 237 S. C. 75, 115 S. E. (2d) 685.

Income tax laws sometimes give a taxpayer selling property for a consideration, payable in installments, an election to distribute the gain over the years during which the payments are received, by returning as income, in any taxable year, only such proportion of the payment received in that year as the total gain to be realized, when payment is completed, bears to the total contract price. 20 Am. Jur., Income Taxes, Section 200, at page 421. The Federal income tax law gives such an election by express provisions. 26 U. S. C. A. section 44(a) and (b), Internal Revenue Code of 1939. These provisions were introduced into the Federal Revenue Act of 1926 after the Board of Tax Appeals had disapproved Treasury regulations to a similar effect. They were adopted to alleviate the hardship resulting from the application of either the cash or the accrual method to sales . on the installment plan. *Burnet v. S. & L. Building Corp.,* 288 U. S. 406, 53 S. Ct. 428, 77 L. Ed. 861. It has been held that upon the death of a taxpayer who has elected to return gain on an installment basis, the gain included in the value of the unpaid installments at that time may be taxable to his estate in the year of his death rather than in subsequent years. *McEachern v. Rose,* 302 U. S. 56, 58 S. Ct. 84, 82 L. Ed. 46.

Our "Income Tax Act of 1926", Section 65-201 *et seq.,* of the 1952 Code of Laws, did not provide for the installment method of reporting income for tax purposes at the time Mrs. Miller made a sale of her stock; nor was there any such provision at the time of her death, or when the annual income tax returns were filed by her executor. However, at the 1961 Session of the General Assembly of this State, an Act was passed to amend Article VI of Chapter 5 of Title 65 of the 1952 Code of Laws so as to provide for the installment method of reporting income for income tax purposes where a taxpayer had sold personal property on

the installment plan. 52 Stats. 226. This amendment is codified as Section 65-286 of the Code. This statute was to be effective for taxable years beginning after December 31, 1960. It is thus apparent that this Act is not applicable to this case.

Section 65-63 of the 1952 Code of Laws provides that the Tax Commission "may make all needed rules, not inconsistent with law, for the orderly and methodical performance of its duties and for conducting hearings, appeals and other proceedings before it." The General Assembly, by an Act approved May 16, 1960, 51 Stats. 1722, amended Section 65-63 of the Code by providing that the Tax Commission "shall make and publish all needed rules and regulations, not inconsistent with law, for the orderly and methodical performance of its duties and for conducting hearings, appeals and other proceedings before it, which rules and regulations shall have the full force and effect of law. * * *" Pursuant to such rule-making authority, the respondent adopted a regulation relative to the reporting of income on an installment basis, as follows:

"The installment method of reporting the sale of property is permitted for South Carolina income tax purposes, provided the seller meets all of the qualifications for an installment sale as set forth in the Internal Revenue Code, and provided such an election is made on a timely filed return.

"The installment method of reporting sale is not permitted for a nonresident. If a resident of this state is reporting a sale on an installment basis, he must report the balance of the sale on his final return if he leaves this state. Also, any balance of an installment sale must be reported on the final return of a deceased taxpayer."

The foregoing regulation is dated August 10, 1960, but it appears from affidavits of certain officials of the respondent that no formalized rules or regulations had been adopted with respect to income taxes under the Income Tax Act of 1926 until, under the provision of an Act of the General As-

sembly of 1960, from which we have heretofore quoted, the Commission was required to make and publish rules and regulations. It is also set forth by these affidavits that prior to 1955 and continuously subsequent to that date, the policy of the respondent has been as is set forth in the above quoted rule or regulation. It is under the above rule or regulation that the respondent attempts to uphold its assessment of additional income taxes against the estate of Mrs. Miller, on the ground that the profit portion of all installments due after death should be included as income in the year of her death.

It is well settled that while the Legislature may not delegate its power to make laws, in enacting a law complete in itself it may authorize an administrative agency or board "to fill up the details" by prescribing rules and regulations for the complete operation and enforcement of the law within its expressed general purpose. *S. C. Hwy. Dept. v. Harbin et al.,* 226 S. C. 585, 86 S. E. (2d) 466. Such rules are valid for the enforcement of the law, not for a nonenforcement or suspension of the law. *One Hundred Second Cavalry Officers' Club et al. v. Heise,* 201 S. C. 68. 21 S. E. (2d) 400. It is perfectly apparent to us that the respondent, by the foregoing regulation, attempted to adopt as the law of this State the installment method of reporting income for income tax purposes as such is set forth in the' Federal income tax laws, reference to which has hereinbefore been made.

Even though the General Assembly has required the respondent to make and publish all needed rules and regulations incident to the enforcement of the income tax laws of this State, such delegation of power did not give the respondent the authority to adopt, by regulation, the installment method of reporting income for income tax purposes. The respondent was invested with rule-making power for the purpose of carrying out the legislative will expressed in statutory form; but it had no legal authority

to enact new laws in the nature of regulations to satisfy its own theory as to the enforcement of the income tax laws of this State. It follows that the respondent was without authority, under the foregoing regulation or rule, to assess additional income taxes against the estate of the decedent on the ground that the profit portion of all installments due after her death should be reported on the final return of such deceased taxpayer.

The respondent argues that under Section 65-251 of the Code that the profit accruing to Mrs. Miller from the sale of her stock should be included in the gross income of the income year in which received by the taxpayer unless, under the Income Tax Act, such amounts are to be properly accounted for as of a different period. It is then argued that if such method of accounting does not clearly reflect the income of the taxpayer, the computation shall be made in accordance with such method as in the opinion of the respondent clearly reflects the income of such taxpayer, Section 65-281 of the Code. These statutes do not justify the assessment of any additional tax for the year 1957 which is the subject of this action. Whether the taxpayer could have been required to report the entire profit as income for 1956, the year of the sale, is not before us for decision and we express no opinion thereabout.

It is our conclusion that the respondent was without legal authority to assess additional income taxes against the appellant on the ground that the profit portion of all installments due after the death of Mrs. Miller should be included as income in the year of her death. Accordingly, the judgment of the lower Court is reversed and this case remanded thereto for the purpose of entering judgment in favor of the appellant against the respondent.

Reversed and remanded.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.