AMERICAN INTERINSURANCE EXCHANGE, Plaintiff,

v.

T. P. HILDEBRAN, Ronald P. Hildebran, Walker Trucking Company, Inc., Commercial Union Assurance Company, Rosemary Mazur, and Carlton Deane, Defendants.

Civ. A. No. 76–10.

United States District Court, D. South Carolina, Charleston Division.

Feb. 3, 1978.

Falcon B. Hawkins, P. Michael Duffy, Hawkins & Morris, Charleston, S. C., for American Interinsurance Co.

James A. Bell, St. George, S. C., for Rosemary Mazur and Carlton Deane.

Nelson, Mullins, Grier & Scarborough, Columbia, S. C., by R. Bruce Shaw, Columbia, S. C., for Commercial Union Assurance Co.

## STIPULATION OF FACTS

SIMONS, District Judge.

This Stipulation of Facts is in reference to the above captioned Declaratory Judgment action which arises from two civil actions filed in the United States District Court for the District of South Carolina, Charleston Division. The first Civil Action is No. 75–220 in which Rosemary Mazur is the plaintiff and Ronald P. Hildebran and Walker Trucking Company, Inc. are defendants. The second Civil Action is No. 75–2198 in which Carlton Deane is the plaintiff and T. P. Hildebran, Ronald P. Hildebran and Walker Trucking Company, Inc. are defendants.

The two original Civil Actions arise as the result of the second of two collisions which occurred on April 9, 1975, on U. S. Highway 15, approximately one mile south of St. George, Dorchester County, South

Carolina. Three vehicles were involved in the two collisions.

The first vehicle involved was a 1975 Kenworth truck, bearing 1975 S. C. License Number PY–8084 and owned by T. P. Hildebran. This truck was leased at the time of the collisions to Walker Trucking Company, Inc., and it was at that time being operated by Ronald P. Hildebran pursuant to the lease agreement.

The Kenworth truck was traveling south on U. S. Highway 15 following the 1973 Chrysler automobile. The traffic ahead of the Chrysler automobile stopped, or slowed, causing it to stop or slow. To avoid hitting the Chrysler, Ronald Hildebran, driving the Kenworth truck, swerved to the left into the north bound lane of U. S. Highway 15. In swerving to the left, Hildebran swerved into the path of the White truck which swerved to its left to avoid a head-on collision, but striking the trailer of the Kenworth truck and then hitting the Chrysler automobile.

It is as a result of these collisions that the original plaintiffs, Rosemary Mazur and Carlton Deane, have brought civil actions for personal injuries and property damage.

Commercial Union Assurance Company had issued a liability insurance policy to Walker Trucking Company, Inc., which policy is to be a part of the record in this matter, and which policy had monetary limitations of $100,000.00 for bodily injury to any one person, subject to a limitation of $300,000.00 for bodily injury sustained as a result of any one accident, and $100,000.00 property damage coverage.

The owner and lessor of the truck, T. P. Hildebran, carried an insurance policy on the 1975 Kenworth truck with American Interinsurance Exchange, which policy is to be made a part of this record and which policy had a monetary limitation of $15,-000.00 for bodily injury to any one person, subject to a limitation of $30,000.00 for bodily injury sustained as a result of any one accident, and $5,000.00 property damage.

Walker Trucking Company, Inc. and T. P. Hildebran had entered into a "Motor Equipment Lease and Agreement," dated October 28, 1974. This lease and agreement concerned a 1975 Kenworth truck owned by T. P. Hildebran, and is to be made a part of this record, along with the amendments thereto.

The parties agree that Regulations and Rules 92 through 99 of the South Carolina Public Service Commission promulgated pursuant to Chapter 13, Code of Laws of South Carolina, 1962, as amended, were in effect at the time of the accident.

On March 31, 1976, Rosemary Mazur executed a Covenant Not to Sue to Walker Trucking Company, Inc. in return for the payment to her of $100,000.00.

On February 3, 1977, Carlton Deane executed a Covenant Not to Sue to Walker Trucking Company, Inc. in return for the payment of $95,000.00.

The instant action arises as to a conflict with regard to which insurance policy would provide for any or all of the parties named as defendants in the tort suits. The plaintiff calls into question the validity of the Covenants Not to Sue referred to above, with respect to T. P. Hildebran.

## QUESTIONS PRESENTED

1. Which policy of insurance should provide the liability insurance coverage for T. P. Hildebran, Ronald P. Hildebran and Walker Trucking Company, Inc.?

2. Should the Covenants Not to Sue executed between Rosemary Mazur, Carlton Deane and the Walker Trucking Company, Inc., be allowed to stand as valid and binding in light of possible prejudicial effect upon T. P. Hildebran and American Interinsurance Exchange resulting from their lack of opportunity to participate in settlement negotiations?

## ORDER

The plaintiff's Complaint in this cause of action seeks a declaratory judgment as to the responsibilities of two insurance carriers arising out of two separate causes of action

docketed on the Jury Calendar of this Court; one case being Civil Action No. 75–2200 in which Rosemary Mazur is the plaintiff, and Ronald P. Hildebran, T. P. Hildebran and Walker Trucking Company, Inc., are defendants; and the other case being Civil Action No. 75–2198 in which Carlton Deane is the plaintiff and Ronald P. Hildebran, T. P. Hildebran and Walker Trucking Company, Inc., are defendants. Both of those plaintiffs are non-residents of this State and seek damages arising out of the three-vehicle collision in which Rosemary Mazur was the owner-passenger in an automobile being driven by Carlton Deane. Both allegedly sustained injuries as a result of a collision with a 1973 White Truck driven by one Tommy C. Kinard which had previously collided with a 1975 Kenworth truck leased and operated by Walker Trucking Company, Inc. The lessor was T. P. Hildebran. Ronald P. Hildebran (working for Walker Trucking Company, Inc., pursuant to the lease agreement), was the driver or operator of said vehicle at the time of the collision.

As a result of the claims of the plaintiffs, Mazur and Deane, the plaintiff in this action, American Interinsurance Exchange (hereinafter referred to as "AIE") filed its Complaint dated January 2, 1976, joining as defendants the parties to the initial causes and Commercial Union Assurance Company, (hereinafter referred to as "Commercial Union"), which is the liability insurance carrier for Walker Trucking Company, Inc. The plaintiff "AIE" is the liability insurance carrier for the lessor, T. P. Hildebran.

The defendants, Rosemary Mazur and Carlton Deane, have filed their Answer dated January 27, 1976. The defendant, Commercial Union, filed its Answer on March 25, 1977.

At the request of counsel for the parties involved, stipulations were filed in this case and the case is presently before this court for final disposition without the necessity of a jury trial. The Stipulations of Fact were filed on September 19, 1977, and are attached as Exhibit "A". AIE, through its counsel, had previously filed its brief in the form of a proposed Order. On October 19, 1977, a hearing was held in this cause in Charleston, South Carolina, at which time the following attorneys were present: Falcon B. Hawkins for AIE; James A. Bell for Mazur and Deane; and Thornwell F. Sowell, III, for Commercial Union. At that hearing Mr. Sowell requested the opportunity to file a brief. That brief was filed on October 31, 1977 and the court has also received a letter from Mr. Sowell dated December 28, 1977, which supplemented his brief. Mr. Bell has stated he has no desire to file a brief.

One error in the Stipulation of Facts must be pointed out for clarification. The Stipulation reads, in paragraph 1, as follows: "The first Civil Action is No. 75–220 in which Rosemary Mazur is the plaintiff and Ronald P. Hildebran and Walker Trucking Company, Inc., are defendants." It is clear from the case file in that cause of action that T. P. Hildebran is also a defendant in that case and he will be so considered in this Order.

As a preliminary matter the court finds as follows:

1. That this action is properly before the court pursuant to 28 U.S.C. Sec. 2201 to determine various rights, duties and liabilities of the parties under the terms and provisions of two respective insurance policies.

2. That all parties are properly within the jurisdiction of the court as is the subject matter of this action.

3. That the matter in controversy, exclusive of interests and costs, exceeds the sum of Ten Thousand ($10,000.00) Dollars.

As per the Stipulations of Fact, the first question presented for determination is:

1. Which policy of insurance should provide the liability insurance coverage for T. P. Hildebran, Ronald P. Hildebran and Walker Trucking Company, Inc.?

This court finds that the responsibility for providing liability insurance coverage and the responsibility for defending claims against Ronald P. Hildebran and Walker

Trucking Company, Inc., lies exclusively with the defendant Commercial Union.

In the case of Walker Trucking it appears without question that both the Public Service Commission Rules and Regulations, as well as the terms of the lease, would dictate this result.

The Rules and Regulations in effect at the times material to this controversy issued by the South Carolina Public Service Commission, pursuant to the South Carolina Motor Vehicle Carrier Law, Chapter 13, Sections 58–1401 through 1501, and Section 58–1536 (Volume 12) Code of Laws of South Carolina 1962 (now 58 S.C.Code, Sec. 23–10, *et seq.* (1976)) provide in part:

Rule 99. (d) Every vehicle subject to lease shall be covered by adequate insurance as required by these Rules: *such insurance shall be in the name of the lessee* and evidence of coverage must be filed with the Commission. (Emphasis added).

Rule 99. (e) Any lease of motor vehicle equipment by any person shall comply with the following conditions:

(6) Every lease shall provide for the exclusive possession, control, and use of the equipment and for the *complete assumption of responsibility* in respect thereto *by the lessee* for the duration of said lease. (Emphasis added).

■ These Rules and Regulations of the Public Service Commission have the force and effect of statutory law. *See* 1962 S.C. Code, Sec. 58–1461; 58 S.C.Code, Sec. 23–1010 (1976); *see, Heyward v. South Carolina Tax Commission,* 240 S.C. 347, 126 S.E.2d 15, 19, 20 (1962).

The Motor Equipment Lease and Agreement, dated October 28, 1974, made between T. P. Hildebran, owner-lessor of the 1975 Kenworth tractor, and Walker Trucking Company, Inc., *lessee, read in relevant part* as follows:

3. During the period of this lease the said motor vehicle equipment (tractor) shall be solely and exclusively under the direction and control of the Lessee (Walker Trucking Company, Inc.), and the Lessee shall be liable . . . for any property damage that may be caused by the operation of the said motor vehicle equipment by the Lessee, and for any *public liability* resulting from said operation by the Lessee. . . . (Emphasis added).

4. It is mutually agreed and understood by Lessor (T. P. Hildebran) and Lessee (Walker Trucking Co., Inc.) that whenever the motor vehicle equipment (tractor) is *disengaged from Lessee's trailer equipment (tank)* the Lessor shall become an independent contractor and no longer under the control or direction of Lessee, and it is further agreed and understood that during the time that said equipment is separated, as aforesaid, that the Lessee's *Public Liability and Property Damage* Insurance shall not cover Lessor's motor vehicle equipment (tractor). However, the above does not apply when Lessor is instructed to do so by Lessee. (Emphasis added).

Read in connection with paragraph 3 of the lease, paragraph 4 of the lease says by negative implication that Lessee Walker's Public Liability and Property Damage Insurance will cover Lessor Hildebran's tractor *when the tractor and trailer are engaged.*

■ The clear command of the above Rules and the assumption in the lease of total control and responsibility by the Lessee Walker lead this court to conclude that Walker and Commercial Union have the responsibility to compensate any persons injured by the use of the 1975 Kenworth tractor-trailer combination. It is also concluded that AIE has no coverage of, nor owes any defense to Walker Trucking.

Commercial Union also has coverage over as well as a duty of defending Ronald P. Hildebran, as a person using a hired automobile with the permission of the named insured. He is thus an insured under the Omnibus Clause of Commercial Union's policy, which provides as follows:

II. Persons Insured

Each of the following is an insured under this insurance to the extent set forth below:

(a) the named insured

(b) (inapplicable)

(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission. . . .

None of the following is an insured:

(ii) the owner . . . of a hired automobile . . . or any agent or employee of any such owner . . .

■ Commercial Union asks this court to determine that its policy affords no coverage to Ronald P. Hildebran because of the exception set forth above and cites *Canal Insurance Co. v. Liberty Mutual Insurance,* 395 F.Supp. 962 (N.D.Ga.1975). Even assuming *arguendo* that Ronald P. Hildebran was an employee of T. P. Hildebran, and not an employee of Walker Trucking, the decision cited by Commercial Union is not properly addressed to our present inquiry. The district court decision in *Canal* that liability insurance coverage was not afforded to the driver of the truck involved in an accident was predicated on the court's conclusion that the "truck was not a 'hired automobile' under the terms of the Liberty Mutual policy because there was no separate hiring contract." There is no dispute in the facts of the instant case that the Hildebran truck was in fact "hired" by Walker Trucking, and thus the *Canal Insurance Company* decision loses any persuasion it might have in reference to the issue here.

From the facts of this case, the court finds that Ronald P. Hildebran was an employee of Walker Trucking at the time of the accident and he is therefore afforded coverage and owed a defense by Commercial Union under the provisions of its policy. This court also finds that AIE owes no defense and has no coverage over Ronald P. Hildebran because of the previously-mentioned Public Service Commission Regulations and the lease agreement entered between Walker Trucking and T. P. Hildebran.

■ The court finds no basis under the facts of this case upon which the two plaintiffs in the two tort actions pending in this court could establish any liability on the part of T. P. Hildebran, the owner of the 1975 Kenworth truck. The Public Service Commission Rules and Regulations, *supra,* and paragraph 3 of the Lease between T. P. Hildebran and Walker Trucking, *supra,* completely absolve T. P. Hildebran from any liability to Mazur and Deane under the facts of this case.

■ The second question presented in the Stipulation for this court's consideration is:

"2. Should the Covenants Not to Sue executed between Rosemary Mazur, Carlton Deane and the Walker Trucking Company, Inc., be allowed to stand as valid and binding in light of possible prejudicial effect upon T. P. Hildebran and American Interinsurance Exchange resulting from their lack of opportunity to participate in settlement negotiations?"

The court concludes that the Covenants Not to Sue are binding only between the parties who executed them, and these covenants do not relieve Commercial Union of the duty under its policy to defend any insureds, including Ronald P. Hildebran, who was driving the truck in question with the permission of, and while acting within the scope of his employment with, Walker Trucking Company, the named insured in said policy.

Therefore, it is hereby ORDERED:

(1) That the responsibility for providing liability insurance coverage and the responsibility for defending claims against Ronald P. Hildebran and Walker Trucking Company, Inc., lies exclusively with the defendant, Commercial Union.

(2) The defendant AIE owes no coverage over nor does it owe any defense to Walker Trucking Company or Ronald P. Hildebran.

(3) That under the facts of this case there is no liability on the part of T. P. Hildebran for the damages incurred by Mazur and Deane.

(4) The Covenants Not to Sue are binding only between the parties who executed

them and do not relieve Commercial Union of its duty to defend any insureds under its policy.

AND IT IS SO ORDERED.