AMERICAN INTERINSURANCE EXCHANGE, Appellee,

v.

COMMERCIAL UNION ASSURANCE COMPANY, Appellant,

and

T. P. Hildebran, Ronald P. Hildebran, Walker Trucking Company, Inc., Rosemary Mazur and Carlton Deane, Defendants.

No. 78–1196.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 9, 1979.

Decided Sept. 12, 1979.

Thornwell F. Sowell, III, Columbia, S. C. (R. Bruce Shaw, Nelson, Mullins, Grier & Scarborough, Columbia, S. C., on brief), for appellant.

P. Michael Duffy, Charleston, S. C. (Falcon B. Hawkins, Hawkins & Morris, Charleston, S. C., on brief), for appellee.

Before WINTER, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

FIELD, Senior Circuit Judge:

A 1975 Kenworth tractor (truck) owned by T. P. Hildebran and leased by him to Walker Trucking Company, Inc. (Walker), was involved in a collision with an automobile in South Carolina in 1975 while pulling a trailer owned by Walker. As provided in the lease the driver of the truck had been furnished to Walker by the lessor, but his wages were paid and his activities were directed by Walker. Alleging that the truck had been negligently operated, two occupants of the car brought diversity actions for damages against the driver, the truck owner, and the lessee.[1]

At the time of the collision, T. P. Hildebran carried a liability insurance policy on the truck. Issued by American Interinsurance Exchange (AIE), the policy had limitations of $15,000 for bodily injury to any one person, $30,000 for bodily injury sustained in any one accident, and $5,000 for property damage. The AIE policy defined "an insured" to include "the named insured," T. P. Hildebran, as well as

> any person while using the automobile and any person or organization legally responsible for the use thereof, provided

---

1. The negligence actions are apparently still pending. They are only tangentially related to this appeal and we, of course, intimate no view as to their merits.

the actual use of the automobile is by the named insured or * * * with * * * [his] * * * permission * * *.

The policy further provided that

[i]f the insured has other insurance against a loss covered by this policy * * * [AIE] * * * shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss * * *.

Liability insurance was also carried by Walker, the lessee. Issued by Commercial Union Assurance Company (Commercial Union), this insurance had bodily injury limits of $100,000 per person and $300,000 per accident, with a property damage limit of $100,000. The Commercial Union policy defined "an insured" to include Walker Trucking Company, Inc., and

any other person while using * * * a hired automobile with the permission of the named insured, provided his actual operation * * * thereof is within the scope of such permission * * *.

Expressly excluded from the coverage of the Commercial Union policy was "the owner * * * of a hired automobile * * * or any agent or employee of any such owner * * *." The policy further stated that "[w]ith respect to a hired automobile * * *, this insurance shall be excess insurance over any other valid and collectible insurance available to the insured."

AIE brought this action for a declaratory judgment as to the responsibilities of the two insurance carriers relative to the negligence actions filed by the occupants of the car. A stipulation between the parties narrowed the questions presented for the district court's determination as follows: (1) Which policy of insurance should provide the liability for T. P. Hildebran, Ronald Hildebran [the driver] and Walker Trucking Company, Inc., and (2) Should the "Covenants Not to Sue" executed between Rose-

mary Mazur, Carlton Deane [plaintiffs in the tort action] and the Walker Trucking Company, Inc., be allowed to stand as valid and binding in light of the possible prejudicial effect upon T. P. Hildebran and American Interinsurance Exchange resulting from their lack of opportunity to participate in settlement negotiations.

Upon agreed facts, the district court concluded, as to the first question, that there was no basis upon which the tort plaintiffs could establish any liability on the part of the owner of the truck; that AIE was relieved of any duty to the remaining tort defendants by reason of certain regulations of the South Carolina Public Service Commission and certain provisions of the written agreement for the lease of the truck; and that by the express terms of its policy issued to Walker, Commercial Union was exclusively responsible for the coverage of the lessee and the driver. With respect to the second question, the court ruled that the "Covenants Not to Sue" protected only Walker, the lessee of the truck, with the result that Commercial Union was not relieved of its duty to defend the truckdriver.

From a memorandum order incorporating these rulings,[2] Commercial Union appeals.[3] It is appellant's position that the court below should have disregarded the Public Service Commission regulations and the terms of the lease, and should have found from the express terms of the policies of insurance that AIE, not Commercial Union, is exclusively responsible for the truckdriver's liability. Alternatively, Commercial Union maintains that even if it must afford the driver some coverage, that coverage is excess which is not to come into play until the limits of liability stated in the AIE policy are exhausted. Finally, appellant contends that the policy issued by AIE to the truck's owner covers Walker also. Commercial Union, therefore, seeks indemnity from AIE, as the primary insurer, for expenses incurred in defending the lessee and for sums,

2. *American Interinsurance Exchange v. Hildebran*, 444 F.Supp. 1248 (D.S.C.1978).

3. All parties to the tort actions were also parties to this declaratory judgment, but none of them has appealed.

up to the limits of the AIE policy, that Commercial Union has paid or will pay to settle the negligence actions against the lessee.[4]

We hold that both AIE and Commercial Union owe coverage to the driver of the truck for any liability which may be assessed against him. Moreover, the lessee, Walker, is also entitled to coverage under AIE's policy as an additional insured.[5] AIE's coverage of both the driver and the lessee is primary and that of Commercial Union is excess. Therefore, AIE must indemnify Commercial Union for the sums it has expended in defending Walker, and for sums, up to the limits of the AIE policy, that Commercial Union has paid or will pay to settle the negligence actions against the lessee. Furthermore, we agree with the district court that the "Covenants Not to Sue" are only binding between the parties thereto, and, thus, Commercial Union is not relieved of its duty to defend the driver of the truck. Accordingly, we affirm the court below on the latter point, but remand the case for the entry of a declaratory judgment which incorporates our conclusions on the other issues.[6]

## I

When a dispute arises as to whether an insurance company shall be required to cover a given loss, the written insurance contract must first be consulted to ascertain the precise contours of the duties undertaken by the insurer. Like contracts in general, the insurance agreement must be enforced according to its terms. *Torrington Co. v. Aetna Casualty & Surety Co.*, 264 S.C. 636, 216 S.E.2d 547, 550 (1975); *Quinn v. State Farm Mutual Automobile Insurance Co.*, 238 S.C. 301, 120 S.E.2d 15 (1961).

Upon a fair reading of the language of the insurance policies issued by AIE to T. P. Hildebran and by Commercial Union to Walker Trucking Company, Inc., it is clear that each policy affords liability coverage to the driver of the truck. For its part, AIE conceded as much at oral argument.[7] The AIE policy expressly insured persons using the truck with the permission of the named insured, and it is undisputed that T. P. Hildebran himself appointed the man who was operating the vehicle for Walker at the time of the accident.[8] While the insurance agreement contained certain exclusions from coverage upon which AIE relied in the court below,[9] no such argument is raised on appeal. Nevertheless, none of the exclusions, fairly construed, relieve the insured of the liability it contractually assumed for damages resulting from the driver's negligence.[10]

---

4. These points were raised in the district court by Commercial Union's answer to AIE's amended complaint.

5. Commercial Union, of course, owes coverage to Walker as its named insured.

6. Appellant does not contest the district court's determination that the owner-lessor of the truck cannot be found liable for any damages suffered by the tort plaintiffs, and we do not address that aspect of the judgment.

7. The appellee conceded to this court that the driver was covered by its policy and thus the only issue as to him is which policy provides primary coverage.

8. The lease provides:
 Lessor will furnish one or more competent drivers which will meet all requirements of the Interstate Commerce Commission, Public Service Commission, State and Federal law enforcement agencies and Insurance Companies as may be required by Lessee.

9. Exclusion (b) provides that the policy does not apply to the liability assumed by the insured under any contract or agreement, etc.
 Exclusion (c) provides that the policy does not apply while the automobile is used for towing of any trailer owned or hired by the insured and not covered by like insurance in the company; or while any trailer covered by the policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company.
 Exclusion (f) provides that the policy does not apply to injury to or destruction of property owned or transported by the insured, or property rented to or in charge of the insured other than a residence or private garage injured or destroyed by a private passenger automobile covered by the policy.

10. Exclusion (b) is inapplicable because the insured has not "assumed" any liability under any contract or agreement. Any liability on the part of the owner or the driver could only arise as a result of the latter's negligence.

■ A closer question is whether, by its terms, the Commercial Union policy issued to the trucking company also protected the driver. There is no doubt that the driver fit the description of "an insured" under the omnibus clause providing for coverage of persons using a hired automobile with the permission of the named insured; the truck was admittedly a hired automobile, and counsel for Commercial Union conceded in oral argument that the driver was an employee of Walker, and subject to its direction and control when the collision occurred.[11] As previously noted, however, the Commercial Union policy also expressly stated that an "agent or employee" of the owner of a hired vehicle was not to be considered an insured under the contract of insurance. Appellant argues that by virtue of this exclusionary provision the driver was outside the protection of the Commercial Union policy. Even though he was an employee of Walker, appellant contends that certain provisions of the written agreement for the lease of the truck show that at the time of the accident the driver was the employee of T. P. Hildebran as well. Specifically, Commercial Union emphasizes that the truck's owner agreed in the lease to choose the driver, maintain coverage for him under Workmen's Compensation, and to accept some reimbursement for his services.

Even if the driver was an employee of the owner, however, we are of the opinion that the exclusionary provision of the Commercial Union policy does not exclude him from coverage. As written, the exclusionary provision can reasonably be construed to apply only where the owner, and *not* the lessee, is the driver's employer. *See Carolina Casualty Insurance Co. v. Underwriters Insurance Co.*, 569 F.2d 304 (5 Cir. 1978); *Wellman v. Liberty Mutual Insurance Co.*, 496 F.2d 131 (8 Cir. 1974); *Trinity Universal Insurance Co. v. Farmers Mutual Automobile Insurance Co.*, 309 F.2d 283 (7 Cir. 1962); and *Oil Base Inc. v. Transport Indemnity Co.*, 143 Cal.App.2d 453, 299 P.2d 952 (1956). We are of the opinion that where, as here, the driver is also the employee of the lessee, the "hired auto" exclusion is inapplicable. This construction is consistent with the policy of construing ambiguities in insurance contracts in favor of coverage. *Gaskins v. Blue Cross-Blue Shield of S. C.*, 245 S.E.2d 598, 600 (S.C. 1978); *Beckett v. Jefferson Standard Life Insurance Co.*, 165 S.C. 481, 164 S.E. 130 (1932).

In regard to the lessee of the truck, it is undisputed that Commercial Union owes coverage to Walker as its named insured. In addition, a review of the policy issued by AIE reveals that it covers the lessee as well. As stated earlier, the definition of "an insured" includes "any person or organization legally responsible for the use \* \* \* [of the automobile]." By virtue of the lease agreement between T. P. Hildebran and Walker[12] and the regulations of the Public

Exclusion (c) is inapplicable because the tractor was not used for the towing of a trailer owned or hired by the insured since the trailer in question was owned not by the insured, T. P. Hildebran, but by Walker Trucking. As to the second clause of exclusion (c), even if AIE's policy covers trailers, the trailer would be used with an automobile "owned by the insured" and the automobile would be specifically covered by the AIE policy, and thus would not fulfill the "and not covered by like insurance in the company" requirement.

Exclusion (f) is inapplicable because it only refers to property owned, transported, rented to or in charge of the insured. It does not apply to property of third persons.

11. The lease provides:
During the period of this lease the said motor vehicle equipment shall be solely and exclu-

sively under the direction and control of the Lessee \* \* \*
The lease further provides:
It will be mutually understood and agreed that the above specified equipment shall be operated in accordance with Lessee's safety regulations and under its safety supervision.
Moreover, the appellant conceded that the driver might very well have been a statutory employee of the lessee.

12. The lease provides:
During the period of this lease the said motor vehicle equipment shall be solely and exclusively under the direction and control of the Lessee, and the Lessee shall be liable \* \* \* for any public liability resulting from said operation by the Lessee.

Service Commission,[13] Walker is vicariously liable for the negligent use of the truck. Accordingly, it is inescapable that the lessee is an insured under the AIE policy.

## II

■ Since both AIE and Commercial Union afford coverage to the driver and the lessee, it is necessary that we determine which policy shall provide primary coverage and which shall be excess. As recited earlier, the Commercial Union policy states that with respect to a hired automobile such insurance shall be excess. On the other hand, the policy issued by AIE provides that its coverage be pro rated with other valid and collectible insurance. In an identical situation, we have held that the policy containing the excess clause does not constitute other valid and collectible insurance, and thus the pro rata policy shall be primary. *American Surety Company of New York v. Canal Insurance Co.*, 258 F.2d 934 (4 Cir. 1958) (See cases cited therein).

The appellee contends, however, that the Public Service Commission regulations requiring the lessee to obtain liability insurance in his name operates to make the lessee's insurance primary as a matter of law. We cannot agree. The regulations in question merely ensure that viable insurance will be available to innocent victims of automobile accidents. They in no way require that such insurance shall be primary over other available insurance. We conclude, therefore, that *Canal* is controlling and as such AIE's coverage is primary and Commercial Union's is excess.

*AFFIRMED IN PART: REVERSED IN PART, AND REMANDED.*

---

**13.** The regulations provide in part:

Rule 99(e). Any lease of motor vehicle equipment by any person shall comply with the following conditions:

(6) Every lease shall provide for the exclusive possession, control, and use of equipment and for the complete assumption of responsibility in respect thereto by the lessee for the duration of said lease.

Rule 99.(d) Every vehicle subject to lease shall be covered by adequate insurance as required by these Rules; such insurance shall be in the name of the lessee and evidence of coverage must be filled with the Commission.