## 18856

Willis W. GOFF, Sr. and Elizabeth T. Goff, Respondents, v. Shirley Jean Ghent Goff BENEDICT, Willis W. Goff, Jr., and Angela Kay Goff, a minor under the age of fourteen years, of whom Shirley Jean Goff Benedict is. Appellant.

(165 S. E. (2d) 269)

*Messrs. Forrest K. Abbott,* of Cayce, and *Saleeby, Saleeby & Herring,* of Hartsville, *for Appellant,*

*Messrs. James P. Mozingo, III, D. Kenneth Baker* and *John R. Etheridge, Jr.,* of Darlington, *for Respondents,*

January 8, 1969.

Moss, Chief Justice.

This is an adoption proceeding instituted by Willis W. Goff, Sr., and Elizabeth T. Goff, the respondents herein, wherein they seek to adopt their grandaughter, Angela Kay Goff. The proceeding was instituted on November 22, 1966, by the service of a verified summons, petition and notice for the appointment of a *guardian ad litem* for the minor, Angela Kay Goff. Joined as parties to the proceeding were Willis W. Goff, Jr., and Shirley Jean Ghent Goff Benedict, the parents of said child. The child, of course, was also a party to the proceeding. A *guardian ad litem* was appointed and he filed an answer submitting the rights and interests of the minor child to the protection of the court. Shirley Jean Ghent Goff Benedict, the natural mother of the child,

filed her answer alleging that she does not consent to the adoption sought by the respondents and has not and will not relinquish and give up her rights to her minor daughter. She further alleges that it is her purpose to seek a modification of the decree of divorce in Richland County which granted custody of the said minor to her former husband, Willis W. Goff, Jr., and that she will in such proceeding ask that the custody of the said child be granted to her.

This adoption proceeding came on to be heard by The Honorable D. Carl Cook, Judge of the Civil and Criminal Court of Darlington County. The testimony of the parties was taken and, thereafter, on May 1, 1968, an order granting the adoption of the minor child by the respondents was issued. The mother of the child has appealed to this Court from the foregoing order.

Willis W. Goff, Jr. and Shirley Jean Ghent Goff (now Benedict) were married in Darlington County on April 15, 1959, and there was born of this marriage, on January 3, 1960, a daughter, Angela Kay Goff. For some period of time Angela Kay Goff and her parents lived in the home of the respondents. Approximately a year after her birth, an operation for the removal of a tumor on the spine was performed on the minor child. About four months after the operation, the appellant went to Columbia and obtained employment, the child remaining with the respondents. Approximately four months after the appellant went to Columbia, her husband moved to Columbia with the child and there remained until they separated. In February, 1963, Willis W. Goff, Jr. instituted an action in the Richland County Court for a divorce *a vinculo matrimonii* from the appellant. The Richland County Court granted the divorce on the statutory ground of desertion and awarded the custody and control of Angela Kay Goff to him but allowing the mother reasonable rights of visitation with the child and to have the child visit with her not to exceed one weekend of each calendar month, or for longer period when agreed to by the parties.

It appears that Angela Kay Goff has lived in the home of the respondents since her parents separated in 1962. It likewise appears that the appellant instituted unsuccessful actions in courts in Richland and Lexington Counties in an effort to regain custody of her child. The appellant has made several visits to Darlington for the purpose of seeing her child, such visits on occasions resulting in unpleasantness and discord between her and one of the respondents. It is undisputed that the child has received excellent care and attention, including medical service, during her stay with her grandparents.

The appellant has filed several exceptions to the order of the trial judge but the pertinent question to be determined is whether or not the child can be adopted without the consent of one of the natural parents.

The adoption of a child was a proceeding unknown to the common law. The transfer of the natural right of the parents to their child was against its policy and repugnant to its principles. Adoption had its origin in the civil law and exists in this state only by virtue of statutory authority which expressly prescribes the conditions under which adoption may legally be effected. *Driggers v. Jolly,* 219 S. C. 31, 64 S. E. (2d) 19.

It is generally held that consent lies at the foundation of statutes of adoption and under our statute, Section 10-2587. 7, 1967 Cumulative Supplement to the Code, it is provided as follows:

"An adoption of a child may be decreed when there have been filed written consents to adoption executed by:

"(a) Both parents, if living, or the surviving parent, 'regardless of age' of a legitimate child; provided that consent shall not be required from one whose parental rights have been judicially terminated, or from one who has been made a party to the adoption proceeding and duly served;"

It is stated in many cases that adoption statutes providing for a procedure or method by which one person may be

adopted as the child of another are in derogation of the common law and, therefore, to be strictly construed in favor of the parent and the preservation of the relationship of parent and child. 2 Am. Jur. (2d) Adoption, Section 6, page 865. The rationale of this rule is apparent when we consider that when a final decree of adoption is entered, the natural parents of the adopted child, unless they are the adoptive parents, are relieved of all parental responsibilities for the child and have no rights over such adopted child. Section 10-2587.13 (b) of the Code.

The appellant has throughout this proceeding refused to give her consent to the adoption of her child by the respondents. There is no showing that any of her parental rights have been judicially terminated. As a matter of fact they have been preserved by giving her right of visitation with her child. There was no finding by the trial judge that the appellant had forfeited her parental rights by the abandonment of the child or by any misconduct on her part. Since the trial judge has made no finding that the appellant has been guilty of any conduct which forfeited her parental rights her consent was essential in order for the court to issue a valid adoption decree.

It has been held that the rights of parents cannot be cut off, in the absence of consent, unless they have had notice of the adoption proceeding and the opportunity to resist such action. 2 Am. Jur. (2d), Adoption, Section 55, page 904. Our statute gives a nonconsenting parent the right and opportunity to contest, in an adversary proceeding, the adoption of such parent's child by requiring that the parent be made a party to the adoption proceeding and duly served. By this procedure such a parent is accorded the right to assert any defense that would defeat the petition for adoption. To adopt a contrary view would be to recognize that the court would have arbitrary authority to forfeit the parental rights of the appellant to her minor child without giving her an opportunity to be heard in her own behalf. The

mere fact that the appellant was made a party to this action and duly served does not give the court the authority to forfeit her rights as a parent of this child without a judicial determination, upon a sufficient legal ground, that the appellant's parental right should be forfeited and severed and the best interest of the child will be served and promoted by such.

It is provided in Section 10-2587.9 of the Code that a petition for adoption, *inter alia,* shall specify facts, if any, which excuse consent on the part of a parent to the adoption. No facts are alleged in the petition herein which would excuse consent on the part of the appellant. The petition does allege that the parents of the child have been divorced and her custody awarded to Willis W. Goff, Jr., and the child has resided with its father and the respondents since the time of the divorce. It is further alleged that the respondents have formed an affection for the child and desire to adopt her and, thereby, establish the relationship of parent and child.

At the hearing before the trial judge the father of the child, who consents to the adoption, testified that in the event this adoption action was not successful that the child would remain with the respondents and receive the same benefit and care that she is now receiving. Willis W. Goff, Sr., one of the respondents, testified that he could not love the child more nor would it receive any more attention than it is now receiving in the event the adoption were granted. Mrs. Elizabeth T. Goff, one of the respondents, in answer to the question if she knew what it means to adopt a child, replied, "Yes, sir, and I couldn't love her any more than I do, whether I or we adopt her or not." And again she testified, "I said that she would get the same thing either way whether we are successful in adopting her or not." And, "We love her that much and we will give her everything that she needs."

The custody of this child is not in issue in this proceeding and the testimony shows that the child will receive the same

benefit and care from the respondents whether or not she is adopted. Mrs. Goff was asked what additional benefit the child would receive if adopted and her answer was, "For the most important thing to us and to the child is the fact that we wouldn't have to be worried with the mother coming down at all times disturbing the peace."

The right of the appellant to her child should not be disregarded and, where she has neither consented to the adoption nor has forfeited her parental rights by the abandonment of the child or by any misconduct on her part, the decree of adoption must be refused, even though the adoption would result in benefits to the child. The mere fact that the respondents desire to adopt the child does not, in itself, justify the adoption, and the burden of proof was upon them to establish the facts justifying the adoption.

Upon the record before us we conclude that the evidence is not sufficient to show (1) that the parental rights of the appellant have been judicially terminated; and (2) there was no finding nor evidence to support that the appellant had forfeited her parental rights by the abandonment of the child or by any misconduct on her part. Having reached this conclusion, the trial judge was in error in granting the decree of adoption.

The judgment of the lower court is,

Reversed.

LEWIS, BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.