## 20538

RICHLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v. Paul Edward HILLS, Emma Hills, and Paul Anthony Hills, a minor under age of fourteen (14) years, of whom Paul Edward Hills and Emma Hills, are, Appellants.

(238 S. E. (2d) 685)

*Edward Harter,* of Columbia, *for Appellants,*

*Daniel R. McLeod, Atty. Gen., C. Havird Jones, Jr., Asst. Atty. Gen.,* and *Carlton B. Bagby,* of Columbia, *for Respondent,*

November 3, 1977.

NESS, Justice.

Richland County Department of Social Services, initiated this action to terminate appellants' parental rights in their son, Paul Anthony Hills. The Family Court Judge concluded that appellants had voluntarily abandoned the child and ordered their parental rights terminated. We agree and affirm.

Paul Anthony Hills was born with a heart defect on February 23, 1970, in Columbia. On or about December, 1970, the mother deserted her husband and three children and went to New Jersey. Although the father remained in Columbia until 1974, he made no effort to make inquiry or to provide for the welfare of his child who was being cared for by an aunt.

In January of 1972, the aunt agreed to Paul's placement in the Rufus Bell Foster Home. The Family Court of Richland County assumed custody of the boy on January 30, 1975, and respondent was able to provide him with the medical treatment which his heart condition required.

Appellant Mrs. Hills returned to Columbia in June of 1973, and took her two older children with her to New Jersey. On this visit she neither saw Paul nor inquired about his welfare. Indeed, the record reveals that she has not seen the boy since December of 1970 when she deserted her family.

A trial judge is afforded a wide discretion in matters of abandonment. *Bevis v. Bevis,* 254 S. C. 345, 175 S. E. (2d) 398 (1970). The question of aban-

donment is largely one of intent to be determined on a case by case basis from all the facts and circumstances. *Bevis, supra.* While the appellants assert in their depositions that they did not intend to abandon Paul Anthony, their actions and conduct indicate otherwise.

In concluding that appellants had abandoned their child, the trial judge appeared to rely on Section 20-11-20(1) of the 1976 Code of Laws of South Carolina. That provision defines an abandoned child as follows:

"A child whose parents have willfully failed to visit or have willfully failed to support or make payments toward his support for six consecutive months immediately preceding institution of an action or proceeding to declare the child to be an abandoned child."

The record amply supports the trial judge's determination that Paul Anthony Hills was an abandoned child pursuant to Section 20-11-20(1).

Appellants also assert that the applicable Code provision is Section 20-11-20(2) (a), and argue that they have not abandoned their child under this Section. Essentially, Section 20-11-20 (2) (a) provides that following a child's removal from the parents' home, if the parents make an effort to provide a suitable home for the child, or attain such a degree of personal rehabilitation as would indicate that they could provide a suitable home in the future, the child cannot be considered abandoned. Assuming, without deciding, that appellants are correct as to the applicability of Section 20-11-20-(2)'(a), we believe that provision likewise supports the trial judge's conclusion that Paul Anthony Hills was abandoned.

Appellants are now living together in New Jersey with their two older children, and have received assistance from the State's Department of Institutions and Agencies. The New Jersey Department, although initially opposing the return of Paul Anthony to appellants, now are of the view

that it would be in the child's best interest to live with his natural parents and brother and sister. We disagree.

The record reveals that appellant Mrs. Hills has led an unstable life while residing in New Jersey. She has had a drug and an alcohol problem. Her two older children were taken away from her for a period when she had no recollection of how the home in which they lived had burned. Following her bout with alcoholism and drugs, Mrs. Hills became a religious fanatic, and when asked whether she would make any effort to have Paul Anthony returned to her, she made statements such as "God will bring the child home."

While Mr. Hills has now joined his family in New Jersey, he is too ill to hold a job. Appellants reside in a three room apartment, and if Paul Anthony is returned to them, he would have to sleep in the living room with the two older children. The family is on welfare, and there is social testimony that the Hills will probably remain on welfare until the children reach majority.

We believe this child could be considered abandoned under either of the cited statutory definitions. The record reveals that appellants have not achieved the necessary degree of personal rehabilitation which would indicate that they could either presently or prospectively provide a suitable home for the boy.

Paul Anthony is now seven years old and has resided with the same foster family since 1972. According to the record, he has strong emotional ties to this family, and they want to adopt him. To return the boy to appellants would be to disregard not only the deplorable conduct of appellants in abandoning their child, but also the child's best interests. We affirm the order of the lower court terminating appellants' parental rights in Paul Anthony Hills.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.