275 S.C. 176 (1980)
268 S.E.2d 282
S. C. DEPARTMENT OF SOCIAL SERVICES, Respondent,
v.
Ellen Smith PARKER, Jim Roy, and Vernon Barnwell Lowe, of whom Jim Roy is, Appellant. In re Mickey Jo SMITH, John Everett Lowe, and Vernon Ivan Lowe, minor children aged Eleven (11) years, Nine (9) years and Eight (8) years respectively.
21265
Supreme Court of South Carolina.
July 21, 1980.
*177 Walter M. Bailey, Jr., of Walker, Smith, Bailey & Carroll, Summerville, for appellant Jim Roy.
Charles B. Bryan, Jr., Charleston, for Ellen Smith Parker.
Walter T. Patrick, St. George, guardain ad litem, for minor children.
Jane A. McFaddin, S.C. Dept. of Social Services, Columbia, for respondent.
July 21, 1980.
NESS, Justice:
This appeal is from an order terminating appellant James Roy's parental rights in his illegitimate son and placing the child with respondent South Carolina Department of Social Services for adoption. We affirm.
Michael Jo Smith was born illegitimately to Ellen Smith, now Ellen Smith Parker.[1] Prior to his birth and through his eleventh year, appellant steadfastly denied paternity and neither visited nor contributed to Michael's support.
During this period, Michael suffered severe deprivation and was physically and emotionally abused by his mother's paramour. In 1976, the Department removed Michael and *178 his two half-brothers from their mother's custody. One year later, appellant petitioned the family court for visitation rights, which were denied. Respondent then instituted the action under §§ 20-11-10 and 20-11-50, Code of Laws of South Carolina (1976).
His principal arguments are the trial court erred in holding respondent was not estopped from asserting his failure to contribute to Michael's support as a basis for terminating his parental rights and determining he had abandoned the child. We disagree.
Our scope of review requires us to review the record to determine the greater weight of the evidence. See Davis v. Holloway, 265 S.E. (2d) 264 (S.C. 1980).
We hold the record fully supports the trial court's findings.
To establish estoppel, the father relies on the fact he was never informed of his support obligations. This is without merit. Respondent is a State agency. See Code §§ 43-1-10 and 43-1-230. While the State may be subject to the doctrine of estoppel in its contractual relations, see Townes Associates, Ltd. v. City of Greenville, 266 S.C. 81, 221 S.E. (2d) 773 (1976), that doctrine will not be applied to deprive it of the due exercise of its police power or to thwart its application of public policy. State v. Southern Farm Bur. Life Ins. Co., 265 S.C. 402, 219 S.E. (2d) 80 (1975); Heyward v. South Carolina Tax Commission, 240 S.C. 347, 126 S.E. (2d) 15 (1962). To adopt this argument would clearly frustrate respondent in its efforts to protect the health and welfare of abused and abandoned children.
Appellant attacks the trial court's holding on the basis there was no express finding he had wilfully failed to support Michael during the six months immediately preceding the institution of this action. See Code § 20-11-20(1). He concedes he has not offered to make support payments up to this day. Even when construed *179 most strongly in his favor, Bevis v. Bevis, 254 S.C. 345, 175 S.E. (2d) 398 (1970); Goff v. Benedict, 252 S.C. 83, 165 S.E. (2d) 269 (1969), we can only conclude appellant's failure to contribute met the statutory criteria. We hold the family court did not err in terminating his parental rights. Cf., Richland Cty. Dept. of Soc. Serv. v. Hills, 269 S.C. 568, 238 S.E. (2d) 685 (1977).
While this issue was not presented or passed on below, we believe appellant lacks standing even to challenge the termination of his parental rights under these facts. "In those cases where the father never has come forward to participate in the rearing of his child, nothing in the Equal Protection Clause precludes the State from withholding from him the privilege of vetoing the adoption of that child." Caban v. Mohammed, 441 U.S. 380, 392, 99 S.Ct. 1760, 1768, 60 L.Ed. (2d) 297 (1979); also see Stanley v. Ilinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed. (2d) 551 (1972). This holding is reflected in our adoption statute[2] and renders appellant's consent to Michael's adoption unnecessary. We can see no reasonable basis for refusing to allow appellant to contest a complete severance of all legal relations with his child yet permitting him to block a termination of his purported parental rights.
Appellant's remaining exceptions are without merit and dismissed under Rule 23. The order appealed from is affirmed.
Affirmed.
LEWIS, C.J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.
NOTES
[1] The parental rights of Ms. Parker and her current husband, Vernon Barnwell Lowe, were also terminated but they are not parties to this appeal.
[2] See Code § 15-45-70(b), as amended.