0184

Allen Wayne HUDSON, Appellant, v. Marvin Ralph BLANTON, Respondent, and Delores Allen Blanton, Christopher Allen Blanton, a minor under fourteen (14) years of age.

(316 S. E. (2d) 432)

Court of Appeals

---

*Melvin K. Younts* and *M. Wallace Smith*, of *Younts, Smith & Varner*, Greenville, *for appellant.*

*Danny E. Allen* and *Johnny F. Driggers*, Spartanburg, *for respondent.*

*Gary W. Poliakoff*, Spartanburg, *Guardian ad Litem.*

Heard April 16, 1984.

Decided May 25, 1984.

SHAW, Judge:

This is an action to establish paternity and for adoption. The Family Court Judge ruled the appellant — Allen Wayne Hudson failed to prove he was the natural father of the minor child in question, Christopher Allen Blanton, and denied his petition to adopt on the ground that the adoption would not be in the child's best interest. We affirm.

In an action for adoption, the factual findings of the ■■ trial judge will not be disturbed on appeal unless it appears that his findings are without evidentiary support or are against the clear preponderance of the evidence. *Hamby v. Hamby*, 264 S. C. 614, 216 S. E. (2d) 536 (1975). The same appellate scope of review applies to the issue of paternity; the Court of Appeals may reverse a factual finding if we are convinced the finding is against the greater weight of evidence. *White v. Boseman*, 275 S. C. 184, 268 S. E. (2d) 287 (1980); *Baron v. Dyslin*, 309 S. E. (2d) 767 (S. C. App. 1983).

Delores Allen Hudson, the mother of Christopher, is now married to the appellant. When Christopher was conceived and born, Mrs. Hudson was married to the respondent — Marvin Ralph Blanton. Shortly after Christopher was born in December of 1978, Mrs. Hudson and Blanton separated. They were divorced in October of 1979.

At the trial, Mrs. Hudson testified she and Blanton ceased having sexual relations "a year or two" prior to Christopher's conception in March of 1978. She further testified she began having sexual relations with Hudson regularly and exclusively in March of 1978. Hudson testified that he and Mrs. Hudson began their sexual relationship at the end of February or the first of March in 1978. Blanton claims Mrs. Hudson and he were engaging in sexual relations during March of 1978.

Counsel for Hudson moved to allow Blanton's and Mrs. Hudson's two oldest children, ages sixteen and fourteen at the time of the trial, to testify to the non-access of their parents during the period of Christopher's conception, and to alleged statements made by Blanton as to his knowledge and recognition that Christopher was not his child. The trial judge conferred with the two proposed witnesses in chambers. He determined the children had been prompted and refused to allow them to testify to their parents' nonaccessibility and to Blanton's alleged statements.

The admission or exclusion of evidence at trial is addressed to the sound discretion of the trial judge, and his discretion will not be disturbed on appeal in the absence of an abuse of discretion amounting to a manifest error of law. *Grand Strand Construction Co., Inc. v. Graves*, 269 S. C. 594, 239 S. E. (2d) 81 (1977); *Wright v. Public Savings Life Ins. Co.*, 262 S. C. 285, 204 S. E. (2d) 57 (1974). Hudson contends the trial judge abused his discretion in refusing to permit the children to testify.

Family Court Rule 15 reads:

Generally, in actions of parents against each other, or where the conduct of either parent is an issue, the children should not be allowed in the courtroom during the taking of testimony. Nor should children be offered as witnesses to the misconduct of either party, except, when, in the discretion of the court, it is essential to establish the acts alleged, such testimony shall be admissible.

We see no abuse of discretion in the exclusion of the children's testimony.

Counsel moved for a continuance to secure blood tests of the parties. The trial judge refused. He stated while the blood tests would be only one factor to be considered, they would not be conclusive in determining paternity. He also stated Hudson had sufficient time prior to the hearing to have the blood tests completed but failed to do so. Motions for a continuance are also addressed to the sound discretion of the trial judge, and his ruling will not be upset unless it clearly appears that there was an abuse of discretion to the prejudice of the movant. *S. C. Public Service Authority v. Carolina Power and Light Co.*, 244 S. C. 466, 137 S. E. (2d) 507 (1964); *State v. Lytchfield*, 230 S. C. 405, 95 S. E. (2d) 857 (1957). To be entitled to a continuance, Hudson must show that the denial of his motion was an abuse of discretion resulting in prejudice to his position. As a result of the denial of his motion, Hudson was required to present his case without the results of the blood tests. Initially, we note there is no law in South Carolina, statutory or otherwise, requiring or prohibiting the introduction of the results of blood tests in a paternity action. The results of blood tests are merely one factor that may be considered by the court in making its decision. *See Corley v. Rowe*, 312 S. E. (2d) 720 (S. C. App. 1984); *Davis v. Holloway*, 274 S. C. 500, 265 S. E. (2d) 264 (1980); *S. C. DSS v. Johnson*, 275 S. C. 7, 266 S. E. (2d) 878 (1980); *S. C. DSS v. Bacot*, 313 S. E. (2d) 45 (S. C. App. 1984).

In denying a continuance, the trial judge stated Hudson had sufficient time prior to the hearing to have the tests performed. To justify a continuance, the moving party must show not only the absence of some material evidence but also due diligence on his part to obtain it. *See Ilderton v. Charleston Consol. Ry. & Lighting Co.*, 113 S. C. 91, 101 S. E. 282 (1919); *Locklair v. Raybourn*, 193 S. C. 214, 8 S. E. (2d) 349 (1940); *Beasley v. Kerr-McGee Chemical Corp.*, 273 S. C. 523, 257 S. E. (2d) 726 (1979). Undoubtedly the blood tests would be material evidence; however, Hudson failed to have the tests performed prior to the trial and requested a continuance to have time to obtain the blood tests at the trial. Under these circumstances, Hudson has not exercised due diligence in this matter. There was no abuse of discretion in denying Hudson's motion.

The trial judge ruled Hudson failed to sustain his burden of proving that he was Christopher's natural father. Christopher was conceived and born while Mrs. Hudson and Blanton were lawfully married. Blanton is listed on the birth certificate as Christopher's father. Every child born in wedlock is presumed to be legitimate. *Tarleton v. Thompson*, 125 S. C. 182, 118 S. E. 421 (1923). The presumption of legitimacy, although rebuttable, is one of the strongest known to the law. *Barr's Next of Kin v. Cherokee, Inc.*, 220 S. C. 447, 68 S. E. (2d) 440 (1951).

The evidence concerning the paternity of Christopher is conflicting. Hudson and his present wife may very well have been having sexual relations in March of 1978, while she was still married to Blanton. Although Mrs. Hudson denies having sexual relations with Blanton during this period, Blanton claims they did. Because Blanton and Mrs. Hudson were living in the same house in March of 1978, it is possible they did engage in sexual relations. Certainly they had access to each other.

The presumption of the law is that a husband had access to his wife, and this presumption must be overcome by the clearest evidence that it was impossible for him, by reason of impotency or imbecility, or entire absence from the place where the wife was during the period of conception, to have had access to the wife, or to be the father of the child. *Barr's Next of Kin, supra; S. C. DSS v. Thomas*, 274 S. C. 228, 262 S. E. (2d) 415 (1980). The trial judge correctly held that Hudson had failed to sustain his burden. Hudson has failed to show that Blanton was entirely absent from his home during the period of conception or that it was impossible for Blanton to have access to his then wife during that time. *See Wilson v. Babb*, 18 S. C. 59 (1882). The law requires very clear evidence to overcome the presumption of legitimacy and Hudson has failed to provide such evidence.

Section 20-7-1760 of the South Carolina Code of Laws, 1976, allows the Family Court to enter a final decree of adoption if satisfied that the adoption is in the best interest of the child. *See also Galloway v. Galloway*, 249 S. C. 157, 153 S. E. (2d) 326 (1967). The trial judge ruled that this adoption would not be in Christopher's best interest. We agree.

The adoption procedure, a statutory method by which one person may be adopted as the child of another, is in derogation of the common law and, therefore, to be

strictly construed in favor of the parent and the preservation of the relationship of parent and child. *Goff v. Benedict*, 252 S. C. 83, 165 S. E. (2d) 269 (1969). The burden of proof of establishing the facts justifying the adoption is on the person desiring to adopt, and the mere existence of the desire to adopt does not, in itself, justify the adoption. *Goff v. Benedict, supra.*

Here, Blanton has not consented to the adoption nor have his parental rights been terminated. In this situation, the decree of adoption must be refused even if the adoption would result in benefits to the child. *Goff v. Benedict, supra.*

Notwithstanding the fact the trial judge had no choice but to deny Hudson's petition to adopt, we believe this adoption would not be in Christopher's best interest. Blanton testified he loved his son and all of his children. He has provided for Christopher's needs since the day of his birth and is willing to continue to bear Christopher's support obligation. There is no evidence in the record that Blanton has engaged in misconduct or in any manner mistreated his children. The fact that Hudson may be as equally fit to be a parent as Blanton is not sufficient justification to grant the adoption. *See Morgan v. S. C. DSS*, 313 S. E. (2d) 350 (S. C. App. 1984). This is especially true considering the emotional trauma that may result from changing Christopher's legal father, causing him to have a different father than his siblings.

Affirmed.

BELL and CURETON, JJ., concur.