522 S.E.2d 146

**Bart Eric ALLEY and Jill Hodge Alley, Respondents,**

**v.**

**Christopher Steven BOYD, Sr., and Katherine Victoria Boyd, of whom Katherine Victoria Boyd is, Appellant.**

No. 2999.

Court of Appeals of South Carolina.

Heard April 13, 1999.
Decided May 24, 1999.
Rehearing Denied Aug. 18, 1999.

James Fletcher Thompson, of Thompson & Sinclair, of Spartanburg, for appellant.

Richard H. Rhodes, of Burts, Turner, Rhodes & Thompson, of Spartanburg, for respondent.

Richard H. Whelchel, of Whiteside–Smith Law Firm, of Spartanburg, Guardian Ad Litem.

CONNOR, Judge:

Bart Eric Alley and Jill Hodge Alley moved to terminate the parental rights of Christopher Steven Boyd, Sr. (Father) and Katherine Victoria Boyd (Mother). Mother appeals an order of the family court finding she wilfully failed to visit and support her child for six months. We reverse.

## FACTS

Mother and Father were married in June of 1994. They are the natural parents of Christopher Steven Boyd, Jr. (Child), born January 12, 1995. Mother and Father separated in June or July of 1995. In March of 1996, they consented to give

custody of Child to Eric and Jill Alley.[1] The family court approved an agreement granting the Alleys custody with reasonable visitation for the natural parents. The agreement specifically provided "that Mr. and Mrs. Alley will not seek child support or attorney fees from Mr. and Mrs. Boyd." Therefore, no support was ordered.[2]

The Alleys brought this action for termination of parental rights and adoption in April of 1997. Father consented to the adoption. Mother denied her rights should be terminated and counterclaimed for custody.

At the merits hearing, the Alleys testified Child had spent most of his time with them, even before Mother agreed to the change of custody. Additionally, Child had lived with them continuously since the March 1996 custody agreement. While the Alleys had custody of Child, Mother visited him at least every six to eight weeks and, on at least one occasion, stayed for three hours. After the filing of this action, the Alleys allowed Mother only supervised visitation.[3]

The family court granted the Alleys' petition for termination of parental rights and approved their request for adoption. In support of its decision, the judge found Mother's visits with Child were "minor contacts" and not "visitation" within the meaning of the termination of parental rights statute. Also, he held Mother had not "made any material contributions to the child's care" despite her "ability to work."

## STANDARD OF REVIEW

A ground for termination of parental rights must be proved by clear and convincing evidence. *Richland County Dep't of Soc. Servs. v. Earles,* 330 S.C. 24, 496 S.E.2d 864 (1998). In reviewing a termination of parental rights, the appellate court has the authority to review the record and make its own findings of whether clear and convincing evi-

---

1. Jill Alley is Mother's distant cousin.

2. This agreement was not binding on the Alleys had they decided to seek child support from the court. *Peebles v. Disher,* 279 S.C. 611, 310 S.E.2d 823 (Ct.App.1983).

3. Jill Alley agreed Mother was not "unfit."

dence supports the termination. *Earles,* 330 S.C. at 32, 496 S.E.2d at 868; *South Carolina Dep't of Soc. Servs. v. Brown,* 317 S.C. 332, 454 S.E.2d 335 (Ct.App.1995). "Statutes providing for the termination of parental rights are to be strictly construed in favor of the parent and the preservation of the' relationship of parent and child." *Leone v. Dilullo,* 294 S.C. 410, 413, 365 S.E.2d 39, 40 (Ct.App.1988) (citing *Goff v. Benedict,* 252 S.C. 83, 165 S.E.2d 269 (1969)); *see Horton v. Vaughn,* 309 S.C. 383, 423 S.E.2d 543 (Ct.App.1992).

## DISCUSSION

On appeal, Mother contends the evidence was insufficient to support termination of her parental rights.[4] She argues she neither wilfully failed to visit nor support Child.

Pursuant to South Carolina Code Ann. § 20–7–1572 (Supp. 1998), the family court may order the termination of parental rights upon a finding of one or more of the following grounds and finding that termination is in the best interest of the child [5]:

(3) The child has lived outside of the home of either parent for a period of six months, and during that time the parent has wilfully failed to visit the child. The court may attach little or no weight to incidental visitations, but it must be shown that the parent was not prevented from visiting by the party having custody or by court order. The distance of the child's placement from the parent's home must be taken into consideration when determining the ability to visit.

(4) The child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child. Failure to support means that the parent has failed to make a material contri-

---

4. Mother does not appeal the custody determination.

5. Effective January 1, 1997, a family court judge is required to make the additional finding that termination is in the best interest of the child. S.C.Code Ann. § 20-7-1572 (Supp.1998); *Hooper v. Rockwell,* 334 S.C. 281, 296 n.6, 513 S.E.2d 358, 366 n.6 (1999). Because the Alleys filed this action on April 17, 1997, the family court judge's decision was controlled by the amended version of the statute. In his order, the family court judge specifically found the termination was in the best interest of the child.

bution to the child's care. A material contribution consists of either financial contributions according to the parent's means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parent's means. The court may consider all relevant circumstances in determining whether or not the parent has wilfully failed to support the child, including requests for support by the custodian and the ability of the parent to provide support.

 Whether a parent's failure to visit or support a child is "wilful" within the meaning of section 20–7–1572 is a question of intent to be determined by the facts and circumstances of each case. *South Carolina Dep't of Soc. Servs. v. Broome*, 307 S.C. 48, 52, 413 S.E.2d 835, 838 (1992). Generally, the family court is given wide discretion in making this determination. However, the element of wilfulness must be established by clear and convincing evidence. *Id.* "Conduct of the parent which evinces a settled purpose to forego parental duties may fairly be characterized as 'willful' because it manifests a conscious indifference to the rights of the child to receive support and consortium from the parent." *Id.* at 53, 413 S.E.2d at 839; *Hamby v. Hamby*, 264 S.C. 614, 216 S.E.2d 536 (1975); *Horton v. Vaughn*, 309 S.C. 383, 423 S.E.2d 543 (Ct.App.1992).

## I. Failure to Visit

As stated, the family court determined Mother's visitations with the Child were merely "incidental," and, therefore, attached little or no weight to them.

 Generally, "incidental" means "depending upon or appertaining to something else as primary; something necessary, appertaining to, or depending upon another which is termed the principal; something incidental to the main purpose." *Horton*, 309 S.C. at 387, 423 S.E.2d at 545 (quoting *Archambault v. Sprouse*, 218 S.C. 500, 507, 63 S.E.2d 459, 462 (1951)). Because the family court may attach little or no weight to "incidental" visitations in actions for termination of parental rights, parents may not rely upon fortuitous meetings between the parent and child as a defense against an abandonment claim. *Horton*, 309 S.C. at 387, 423 S.E.2d at 545. The question of whether a parent's visitations with a child are

"incidental" in nature must be viewed in light of the attendant circumstances. *See Wilson v. Higgins*, 294 S.C. 300, 363 S.E.2d 911 (Ct.App.1987) (The question of abandonment is one of intent to be determined by the facts and circumstances of each case.).

██ Considering the totality of the circumstances, clear and convincing evidence does not demonstrate Mother wilfully failed to visit Child, especially in light of our duty to strictly construe the statute in Mother's favor. It is undisputed Mother visited Child within six months of the filing of the termination action. In fact, she had exercised visitation with the child every six to eight weeks. The facts do not support the family court's determination these visits were incidental. They were planned, not fortuitous. In summary, the evidence simply does not indicate Mother evidenced a "settled purpose to forgo [her] parental [relationship]" with Child. *Leone v. Dilullo*, 294 S.C. 410, 413, 365 S.E.2d 39, 41 (Ct.App.1988).[6]

## II. Failure to Support

██ Furthermore, the record does not sustain the family court's conclusion Mother wilfully failed to support Child.

Mother acknowledged she did not make any direct financial contributions towards Child's care prior to the filing of this action. She did, however, give Child birthday and Christmas gifts. Most importantly, it appears Mother relied on the custody agreement in which the Alleys specifically acknowledged they would not seek child support from her. Moreover, they never asked her or the court for support.

Particularly in light of the "non-support" provision in the custody order, we find no wilful intent in Mother's failure to pay child support. The record does not show she forewent her parental duties by consciously ignoring Child's right to receive support from her. *Leone*, 294 S.C. at 413, 365 S.E.2d at 41.

In light of our disposition of the above issues, we decline to address Mother's remaining issues on appeal.

---

6. Furthermore, Mother's visitation was restricted by the Alleys' decision to allow only supervised visitation after this action was filed.

## CONCLUSION

Accordingly, we reverse the family court's decision to terminate Mother's parental rights. Because Mother has not appealed the determination of custody, custody remains with the Alleys. Mother, however, may continue to visit Child.

For the foregoing reasons, the decision of the family court is **REVERSED.**

HOWELL, C.J. and GOOLSBY, J., concur.