Harris v

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Alexander and Etta Harris, individually and as parents, guardians, and next friends, of Anita Harris,
Appellants,
v.
Palmetto Pediatric Professionals, Inc., Beverly Stewart, M.D., and Does A-Z,
Respondents.
 
 
 

Appeal from Lancaster County
 Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No. 2005-UP-453
Submitted June 1, 2005  Filed July 19, 2005 

AFFIRMED

 
 
 
James H Dickey, of Atlanta, Georgia, for Appellants.
Andrew F. Lindemann, of Columbia, for Respondents.
 
 
 

PER CURIAM:  Alexander and Etta Harris, individually and as parents of Anita Harris, initiated this medical malpractice action in 1996.  Following years of delay and numerous continuances, the case was called for trial a final time on July 22, 2002, at which time the Harrises sought another continuance or, alternatively, a dismissal.  The trial court refused a further continuance but granted the Harrises request for a dismissal.  The Harrises appeal from the dismissal of their action.  We affirm.  
FACTS
After filing this medical malpractice suit in 1996, the Harrises obtained a voluntary dismissal in 1999 pursuant to Rule 41(a), SCRCP.   In 2000, the Harrises refiled the action.  In 2001, on the motion of the Harrises, the court struck the case from the jury roster for 180 days.  The case was subsequently returned to the jury roster and called for trial on June 3, 2002.  Counsel for the Harrises did not appear for trial.  The trial court contacted the Harrises counsel who, by way of a conference call, informed the judge that he was in a criminal trial in Atlanta, Georgia, and could not appear.[1]    
At that time, the court found the Plaintiffs attorney has obtained various extensions and voluntary dismissals and this Court finds no excuse to again delay trial on the eve of a scheduled trial date.  Rather than dismiss the case, the trial court, by an order dated June 6, 2002, continued the case again and set the case for a date certain trial on July 22, 2002.  Additionally, that order stated discovery was ended and no witnesses, lay or expert, could be added to the witnesses already listed in the answers to interrogatories.  Although it is admitted that the July 22 trial date was known to the parties, it appears that the order ending discovery was not sent to the parties.    
When the case was called for trial on July 22, the Harrises attorney motioned the court to set aside its previous June 6, 2002, order, reopen discovery, and establish a new scheduling order in light of newly discovered evidence and the need for additional discovery.  The court heard extensive argument on the motion and ultimately denied it.  When asked if he was ready to go forward, the Harrises attorney answered, No, your honor.  He further stated, Wed just ask the court if the court would grant us a continuance on this, and if the court does not grant a continuance, we have no choice but to take a voluntary dismissalor an involuntary dismissal of this case.  The court denied the request for the continuance and stated, well either go forward or youre taking an involuntary non-suit.  The Harrises attorney again stated it is our position were taking an involuntary non-suit if the court refuses to grant a continuance.  After asking again whether plaintiffs were ready for trial and being told no, the court told them, Your motion for an involuntary non-suit is granted.  The Harrises now appeal.
LAW/ANALYSIS
We begin with the fundamental appellate precept that a party may not challenge on appeal a ruling that he requested. Rule 201(b) of the South Carolina Appellate Court Rules provides: Only a party aggrieved by an order, judgment or sentence may appeal. (emphasis added); see also Beaufort Realty Co., Inc. v. Beaufort County, 346 S.C. 298, 301, 551 S.E.2d 588, 589 (Ct. App. 2001) (noting that [t]he word aggrieved [in Rule 201(b)] refers to a substantial grievance, a denial of some personal or property right, or the imposition on a party of a burden or obligation).  In this case, the Harrises effectively waived any and all assignments of error or any colorable claim that they have otherwise suffered a substantial grievance when they requested, and the trial court granted, their request for a dismissal.
In any event, we find no merit in the Harrises various arguments.  First, we find the Harrises assertion that the trial court improperly, sua sponte dismissed the case to be incorrect.  As noted, the trial court simply acquiesced in the Harrises request for a dismissal when the court refused another continuance.  But cf. Crestwood Golf Club, Inc. v. Potter, 328 S.C. 201, 211, 493 S.E.2d 826, 832 (1997) (holding that a trial judge possesses the inherent power to dismiss actions sua sponte for a partys failure to prosecute his claim); Crout v. South Carolina Natl Bank, 278 S.C. 120, 123-24, 293 S.E.2d 422, 423-24 (1982) (affirming the trial courts decision to dismiss the case with prejudice when a motion for continuance was denied and appellant was unprepared to try the case when called for trial).
The next assignment of error stems from the trial courts refusal to grant an additional continuance when the case was called for trial on July 22.  We find no error in the trial courts denial of the Harrises continuance request.  Reiland v. Southland Equip. Serv., Inc., 330 S.C. 617, 637, 500 S.E.2d 145, 155-56 (Ct. App. 1998) (holding that a trial judges ruling on a motion for a continuance will not be disturbed absent an abuse of discretion).  We further note that when requesting a continuance on the basis of a lack of material evidence, the moving party must show not only the absence of some material evidence, but also due diligence on his part to obtain it.  Hudson v. Blanton, 282 S.C. 70, 74, 316 S.E.2d 432, 434 (Ct. App. 1984). [2]  
Were we to accept the Harrises contention that the
so-called material evidence had been disclosed in June 2002, we would be
constrained to join the able trial judge in finding that they failed to exercise
due diligence to obtain the evidence.  This failure is especially
significant considering the age of this case, the repeated delays, the courts
willingness to set the trial as a date certain,[3] 
the clear prior warning by the court that this case would be tried on that
specific date, and the Harrises counsels position a month earlier in June
that the case was ready for trial but for his being called for trial in
Atlanta.  The denial of the motion for yet another continuance was proper.
The Harrises finally allege the
court erred in excluding any expert witnesses not disclosed in discovery before
June 6, 2002.  This issue is not preserved for our review. 
In Gold Kist, Inc. v. Citizens and Southern National Bank of South Carolina,
286 S.C. 272, 280-81, 333 S.E.2d 67, 73 (Ct. App. 1985), we considered the
exclusion of deposition testimony.  In that case, the trial court excluded
the testimony because the proponent of the testimony made only a bare assertion
the witness was living at the time in Georgia and desired the deposition
testimony be admitted under then Circuit Court Rule 87(d)(3).[4]  Id. at 281, 333 S.E.2d at 73.  We
upheld the trial courts ruling in part because:   

Gold Kist failed to establish a sufficient record on which
adequate review of the issue could be made. Gold Kist did not set forth in the
transcript of record a proffer of the evidence it sought to introduce. Assuming arguendo 
the court erred in excluding the deposition, without the proffer we cannot
determine the prejudicial nature of the error. Without a showing of prejudice,
the Court will not reverse a judgment for alleged error in the exclusion of
evidence.

Id.
This court considered a similar situation in Ward v. Epting, 290 S.C. 547, 351 S.E.2d 867 (Ct. App. 1986).  There, the trial court limited redirect examination of an expert witness.  Id. at 559, 351 S.E.2d at 874.  The court noted the appellant did not proffer any evidence and stated: If counsel fails to make an offer of proof as to excluded evidence, or fails to include an offer of proof in the record, there is nothing to review.  Id.  
In this case, the Harrises also failed to proffer the evidence.  The failure to proffer evidence makes it impossible for this court to determine if any real prejudice resulted from the exclusion.  For this reason, the issue of the exclusion of the expert witnesses is not preserved.
CONCLUSION
For the reasons discussed above, the order of the trial court is 
AFFIRMED.
GOOLSBY, HUFF and KITTREDGE, JJ., concur.

[1] Presumably, the Harrises case would have proceeded to trial but for the purported unavailability of their counsel.  Subsequent events revealed that the case was not ready for trial in June 2002. 

[2] We, of course, recognize that the medical records would be important to a
plaintiff in a medical malpractice case, but it is not clear to us when the
Harrises came to possess the records.  The Harrises counsel informed the
trial court that he did not receive the records from the Respondents until June
2002, just prior to the calling of the case.  However, the Respondents
attorney countered that the Harrises received a copy of the medical records
before the suit was filed and that he had additionally sent another copy of the
records while the action was pending.  The court weighed these competing
arguments and stated: It appears to me theres a difference of opinion
about whether or not youve had these records, and this might not have reached
the stage that it has, had you taken the time, effort and energy to involve
yourself with this case . . . .  He further questioned, How . . .
could you be surprised at anything, and if you didnt have the medical
records, why havent you taken the necessary steps to have the court order
them?  The 2000 case has been around for two years.  Why havent you
filed a motion to compel if you needed these records?  
[3] We note: 

 
The court bears a great responsibility when signing a scheduling order which grants [a date certain trial], because it directly impacts upon the rights of other litigants. When we review the denial of a continuance in the exercise of the courts discretion under these circumstances, we are mindful of the responsibility which the parties and their counsel assume by seeking and receiving a day-certain status. It is incumbent upon them to lay aside other business, and give priority in their preparation to that which they have asked the court to prioritize.
 

Hundley ex rel. Hundley v. Rite Aid of South Carolina, Inc., 339 S.C. 285, 305-306, 529 S.E.2d 45, 56 (Ct. App. 2000).
[4] Now Rule 32(a)(3)(B), SCRCP.