THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Glenda Couram, Appellant,
 v.
 Time Warner Cable
 Communications, Inc., d/b/a MC Cable TV Limited Partnership, d/b/a Time
 Warner Entertainment/Advance Newhouse Partnership, James Bowers and Jim
 Mosley, Respondents.
 
 
 

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge
Unpublished Opinion No.  2009-UP-604
Submitted December 1, 2009  Filed
 December 22, 2009
AFFIRMED

 
 
 
 Glenda Couram, of Lexington, for Appellant.
 Catharine Garbee-Griffin and Holly Palmer Beeson,
 of Columbia, for Respondents.
 
 
 

PER CURIAM:  In this civil action, Glenda R. Couram
 appeals the circuit court's entry of a jury verdict against her.  In support,
 she argues the circuit court erred, inter alia, in refusing to
 continue trial, quashing the subpoena issued for a trial witness, directing a
 verdict as to all issues except trespass, and permitting opposing counsel to
 make false or misleading statements during its closing argument.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  
1.  As to the circuit court's denial
 of Couram's motion to continue:  Logan v. Gatti, 289 S.C. 546, 548, 347
 S.E.2d 506, 507 (Ct. App. 1986) (holding a motion for continuance due to the
 absence of a material witness is addressed to the judge's discretion, and therefore,
 the ruling will not be disturbed unless it is shown to be an abuse of
 discretion); Hudson v. Blanton, 282 S.C. 70, 74, 316 S.E.2d 432, 434
 (Ct. App. 1984) (requiring a showing of prejudice to the moving party and
 "not only the absence of some material evidence but also due diligence on [the
 moving party's] part to obtain it").
2.  As to the circuit court's
 decision to quash witness Smith's subpoena and as to the allowance of statements
 made during closing arguments:  Mulherin-Howell v. Cobb, 362 S.C. 588,
 600, 608 S.E.2d 587, 593-94 (Ct. App. 2005) (stating an issue is deemed
 abandoned on appeal when no legal authority is cited to support the
 argument).  
3.  As to the circuit court's entry
 of a directed verdict:  Rule 208(b)(1)(D), SCACR (requiring argument of each
 issue in an appellant's brief to include discussion of the issue as well as citations
 to authority); Guinan v. Tenet Healthsystems of Hilton Head, Inc., 383
 S.C. 48, 54 n.4, 677 S.E.2d 32, 36 n.4 (Ct. App. 2009) (deeming an issue waived
 on appeal if it is not argued in the appellant's brief).  
4.  As to Couram's remaining issues:  Staubes v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546
 (2000) (requiring issues to be raised to and ruled upon by the circuit court to
 be preserved for appellate review).    
AFFIRMED.
WILLIAMS, PIEPER, and LOCKEMY, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.