**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

JP Morgan Chase Bank, National Association,
Respondent,

v.

Wendy A. Army and Francis X. Army,

Of whom Francis X. Army is, Appellant.

Appellate Case No. 2010-163727

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

Unpublished Opinion No. 2012-UP-414
Submitted July 2, 2012 – Filed July 11, 2012

**AFFIRMED**

Francis X. Army, pro se, of Eastover.

John Judson Hearn, of Rogers Townsend & Thomas, PC,
of Columbia, for Respondent.

**PER CURIAM:** Affirmed[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Army's motion for a continuance: *Plyler v. Burns*, 373 S.C. 637, 650, 647 S.E.2d 188, 195 (2007) ("The grant or denial of a continuance is within the sound discretion of the trial [court] and is reviewable on appeal only when an abuse of discretion appears from the record."); *id.* ("[T]he denial of a motion for a continuance on the ground that [a party] has not had time to prepare is rarely disturbed on appeal."); *Hudson v. Blanton*, 282 S.C. 70, 74, 316 S.E.2d 432, 434 (Ct. App. 1984) (noting a moving party must show the absence of some material evidence and due diligence on his part to obtain such evidence to justify a continuance); *Beasley v. Kerr-McGee Chem. Corp.*, 273 S.C. 523, 532, 257 S.E.2d 726, 730 (1979) (finding a movant failed to show due diligence to justify a continuance when he had eight months from filing of the complaint until trial to prepare).

2. As to whether the trial court erred in admitting duplicates of the loan documents: *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 25-26, 609 S.E.2d 506, 509 (2005) ("[T]he admission or exclusion of evidence in general is within the sound discretion of the trial court. . . . An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion that is without evidentiary support. . . . To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., that there is a reasonable probability the . . . verdict was influenced by the challenged evidence or the lack thereof." (citations omitted)).

3. As to the remaining issues: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**

---

[1]We decide this case without oral argument pursuant to Rule 215, SCACR.