**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Amenhotep Myers, Appellant,

v.

South Carolina Department of Motor Vehicles and Kevin A. Shwedo, in his official capacity as Executive Director of Motor Vehicles, Respondents.

Appellate Case No. 2022-000399

———————

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-268
Submitted June 1, 2023 – Filed July 19, 2023

———————

**AFFIRMED**

———————

Amenhotep Myers, of Charleston, pro se.

Robin Lilley Jackson, of Senn Legal, LLC, of Charleston, for Respondents.

———————

**PER CURIAM:** Amenhotep Myers appeals the trial court's orders (1) dismissing his complaint and (2) denying his motion to reconsider. On appeal, he argues the trial court erred in dismissing his complaint and doing so without ruling on his request to amend his pleadings in either order. We affirm.

We affirm the trial court's order as to the grounds for dismissing Myers's gross negligence and declaratory judgment claims. The trial court dismissed these claims for several reasons; however, Myers failed to appeal the trial court's findings that he failed to properly serve the defendants and failed to state a claim upon which relief could be granted. Thus, these unappealed rulings are the law of the case. *See Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two[-]issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."), *abrogated on other grounds by Repko v. Cnty. of Georgetown*, 424 S.C. 494, 818 S.E.2d 743 (2018); *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance.").

We also affirm the trial court's order dismissing Myers's complaint without ruling on his request to amend his pleadings. *See Skydive Myrtle Beach, Inc. v. Horry Cnty.*, 426 S.C. 175, 182, 826 S.E.2d 585, 589 (2019) ("A court's decision to deny a motion to amend should not be based on the court's perception of the merits of an amended complaint."); *id.* ("In rare cases, however, a trial court may deny a motion to amend if the amendment would be clearly futile."). Myers sought to amend his complaint to include a claim of promissory estoppel. *See generally S.C. Dep't of Soc. Servs. v. Parker*, 275 S.C. 176, 178, 268 S.E.2d 282, 283 (1980) ("While the State may be subject to the doctrine of estoppel in its contractual relations, that doctrine will not be applied to deprive it of the due exercise of its police power or to thwart its application of public policy." (internal citation omitted)); *id.* (stating that "[t]o adopt [the father's estoppel] argument would clearly frustrate [the Department of Social Services] in its efforts to protect the health and welfare of abused and abandoned children"). Therefore, allowing Myers to amend his complaint to include a claim of promissory estoppel would have been futile, and the trial court did not err in refusing to allow the amendment.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.